**Charles O. WILLIAMSON, Petitioner,**

v.

**William H. HARDWICK, Warden United States Penitentiary, Atlanta, Georgia, and United States Board of Parole, Washington, D. C.**

**Civ. A. No. 5184.**

United States District Court
N. D. Georgia, Atlanta Division.
June 15, 1955.

**464**

Charles O. Williamson, pro se.

James W. Dorsey, U. S. Atty., Atlanta, Ga., for William H. Hardwick.

HOOPER, Chief Judge.

Petitioner received seven sentences of one year each and these sentences were aggregated for purposes of parole. He was released on parole February 20, 1950, arrested for a new offense, given a two year sentence on the new offense, and now contends that the parole was illegally granted him and that he should be given credit for time spent while at liberty under the alleged illegal parole.

Title 18 U.S.C.A. § 4202 provides that a prisoner "serving a definite term or terms of over one year," may be released on parole after serving one-third of such term, or terms. The amendment to the above section of July 31, 1951 also refers to a prisoner "serving a definite term or terms" but limits the total to 180 days, which is about six months.

■ It seems clear to this Court that one year sentences can be aggregated for purposes of parole. Instances would be rare indeed where two or more terms would be aggregated which would total less than 180 days. This interpretation would ordinarily be for the benefit of prisoners, and not prejudicial to their rights. In the instant case the prisoner has received benefits of the parole and there seems no good reason now why he should repudiate its legality. Compare United States v. Howell, D.C., 103 F. Supp. 714, affirmed 4 Cir., 199 F.2d 366.

■ If the foregoing is correct and the parole was legal, then the time spent by petitioner on parole does not have to be credited against his subsequent sentence. That is a matter for the Parole Board to determine. Taylor v. Squier, 9 Cir., 142 F.2d 737, certiorari denied 323 U.S. 755, 65 S.Ct. 82, 89 L.Ed. 604; Rogoway v. Warden, 9 Cir., 122 F.2d 967, certiorari denied 315 U.S. 808, 62 S.Ct. 797, 86 L.Ed. 528; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 827, 82 L.Ed. 1399.

Neither does it seem applicant is entitled to release because of good time earned. On his original sentence of seven years he would have a possible maximum of 672 days good time (that is one year, ten months and seven days). Deducting that from the unexpired portion of his sentence still to be served (four years, seven months and nineteen days) it would leave two years, nine months and twelve days. Adding that amount to follow March 10, 1954 (date the new sentence would expire with good time) would extend his service to November, 1956.

For reasons set forth above the petition is dismissed.