**Charles O. WILLIAMSON, Appellant,**

v.

**F. T. WILKINSON, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 15973.**

United States Court of Appeals Fifth Circuit.

June 5, 1956.

Charles O. Williamson, in pro. per.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

Appellant was originally sentenced on October 7, 1947, to serve seven years. Released on parole February 20, 1950, appellant, on July 23, 1952, violated his parole and a parole violator warrant was issued on August 18, 1952. It was, however, not served on petitioner, who had been arrested and was in custody under a new charge, for which bond had been fixed at $5,000. On this charge he was given an additional sentence of two years, and upon the expiration of its service on March 10, 1954, he was taken into custody under the parole violator warrant to serve the remainder of the original seven year sentence.

This is appellant's second attempt to escape service of the remainder of his

sentence. The basis of the first abortive attempt [1] was the claim that the parole and revocation were illegal. The basis of this attempt is the claim that the seven year sentence commenced to run again, not at the expiration of the second two year sentence but when, upon notification to the marshal that there was a parole violator warrant out for him, he was held without bond until the imposition of the second sentence.

The undisputed evidence showing that petitioner was at no time until the expiration of his second sentence taken into custody under the parole violator warrant, but was held on the second charge until sentenced thereon, the district judge held that petitioner's original seven year sentence was suspended and did not begin to run again until March 10, 1954, and citing in support Jenkins v. Madigan, 7 Cir., 211 F.2d 904, denied his petition. Cf. Normandale v. Hiatt, 5 Cir., 210 F.2d 941.

The judgment was right. It is affirmed.

1. Williamson v. Hardwick, D.C., 135 F.Supp. 463; affirmed, 5 Cir., 227 F.2d 168.