**UNITED STATES v. HOWELL.**

Crim. A. No. 9182.

United States District Court
S. D. West Virginia, Charleston Division.

March 19, 1952.

---

2. No opinion for publication.

No appearance for the United States. Arthur Russell Howell, pro se.

MOORE, Chief Judge.

Arthur Russell Howell, a prisoner confined in the United States Penitentiary at Leavenworth, Kansas, moves this court pursuant to 28 U.S.C.A. § 2255 to vacate, correct, or set aside a sentence imposed by me upon him on July 24, 1948. Since the conclusion is to dismiss his motion without hearing, no notice has been given to the United States Attorney.

On June 13, 1940, Howell was sentenced by the United States District Court for the Southern District of Ohio, Eastern Division, to a term of ten years for the forgery of a narcotics prescription.

On December 5, 1940, upon conviction of bank robbery, Howell was sentenced by the Honorable George W. McClintic, then judge of this court, to a term of twenty years, the sentence to commence at the expiration of the narcotics sentence.

On February 21, 1947, Howell completed service of the narcotics sentence.

On June 24, 1948, in a habeas corpus proceeding in the United States District Court for the District of Kansas, the sentence imposed by Judge McClintic was held to be void, on the ground that counsel for Howell were not present when sentence was pronounced

On July 24, 1948, Howell was resentenced by me to a term of twenty years, subject to credit for the time already served upon the original sentence together with credit for accumulated good time allowances. The sentence, as pronounced from the bench on the previous day, was as follows: "I will impose the sentence of 20 years, beginning at the expiration of the former sentence on the Narcotics charge. I understand that that sentence expired perhaps a year and a half ago, and that Mr. Howell has already served a considerable length of time under this sentence which has been declared by Judge Mellott to be void. So, the sentence now imposed will be 20 years, starting at the time that the narcotics sentence expired or, if it can't be expressed in that way, it will be such a term less than 20 years as is the result of deducting that period that he has been in custody since that time, from 20 years, so his total length of service will simply be what it would have been if the sentence imposed by Judge McClintic originally had been a proper and legal sentence."

The judgment order entered pursuant to the above pronouncement on July 24, 1948, fixed the term of Howell's confinement at eighteen years and forty-four days from July 24, 1948. The length of sentence was computed on the basis of deducting the time served from February 21, 1947, to July 24, 1948, pursuant to the void sentence, plus the accumulated good time allowances for that period, from twenty years.

Pending appeal, Howell did not elect to begin service of his sentence until February 18, 1949. He alleges in his motion that he then made inquiry of the United States Attorney, the Bureau of Prisons and the Department of Justice, and that the Department of Justice interpreted his sentence as being one for seventeen years, commencing on February 18, 1949. It does not appear on what basis or theory the term of seventeen years was computed.

He further alleges that had the bank robbery sentence not been vacated, he would have become eligible for parole on June 12, 1950, and the prison authorities at Leavenworth, Kansas, have computed his parole eligibility date under the present sentence to be October 17, 1954.

In support of his motion, Howell urges three principal grounds: (1) that the sentence of July 24, 1948, was void because it was to commence at a time prior to sentencing; (2) that the sentence was ambiguous, indefinite, and hence illegal; (3) in effect, that the sentence increased

Howell's punishment over and above that imposed by the void sentence, inasmuch as he is deprived of an earlier parole eligibility date.

Title 28 U.S.C.A. § 2255 provides inter alia as follows: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

Do the facts as adduced from the motion, and the files and records of this case, conclusively show that Howell is entitled to no relief?

█ Scant attention need be given to Howell's first contention. It is apparent from a reading of the sentence of July 24, 1948, as pronounced from the bench, that the date of February 21, 1947, was not determinative of the *commencement* of sentence, but was a factor considered by the court in fixing the *length* thereof, to the end that in fairness to Howell he was not to be penalized for attacking the original sentence. Therefore, it is unnecessary to decide whether the imposition of a sentence to begin on a date prior to sentencing renders the sentence void, inasmuch as this sentence was manifestly to begin on the date of its pronouncement.

█ Howell's second contention relating to alleged indefiniteness of the sentence merits little more attention than the first. It is true that the pronouncement from the bench of the sentence in question did not purport to give in years, months, and days the term of confinement. I am of opinion however that a sufficient formula was given so that the sentence could be precisely computed. The order of judgment entered July 24, 1948, did just that. Although the point raised here was not squarely in issue, the Court of Appeals for the Fourth Circuit apparently concurred in this view when it affirmed the case, which was appealed on other grounds. See Howell v. United States, 4 Cir., 1949, 172 F.2d 213.

█ The test of definiteness and certainty of a sentence most frequently employed by the courts as determinative of its validity is well stated in Wall v. Hudspeth, Warden, 10 Cir., 1940, 108 F.2d 865, 867. " * * * A sentence must be reasonably definite, certain and consistent in all its provisions. Biddle v. Hall, 8 Cir., 15 F.2d 840. It should disclose on its face with fair certainty the intent of the court, but the elimination of every conceivable doubt is not requisite to its validity. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 * * *." The sentence attacked is well within this test.

Howell's last and, as I conceive it to be, his most meritorious contention, relates to the alleged increase in punishment suffered under his present sentence because of being denied an early parole eligibility date.

█ In 18 U.S.C.A. § 4202, as amended July 31, 1951, relating to parole eligibility, it is provided in part as follows: "A Federal prisoner * * * wherever confined and serving a definite term or *terms* of over one hundred and eighty days * * * may be released on parole after serving one-third of such term or *terms* * * *." (Emphasis added.) Hence, for the purpose of parole eligibility under § 4202 sentences may be aggregated; and after a prisoner serves one-third of the aggregate term, barring misconduct, he becomes eligible for parole. Under the sentence of June 13, 1940, and the void sentence of December 5, 1940, aggregating thirty years, Howell would have been eligible for parole on June 12, 1950. The parole eligibility date on Howell's present sentence was computed without regard to his two prior sentences. On the basis of one-third of the present sentence, pronounced on July 24, 1948, Howell alleges he will become eligible for parole on October 17, 1954.

█ The nature of parole may be best understood by considering a regulation of the Board of Parole, 28 CFR § 2.11: "*Granting of parole.* Parole is a privilege, not a right, and its granting rests in the discretion of the Board. Parole therefore is granted only when in the judgment of

the Board a prisoner is competent and anxious to readjust himself socially and when the factors which will affect him and his family at his release guarantee adequate public security. These factors vary in every case. The board evaluates the factors involved in each case and acts as its judgment indicates to grant or to deny release on parole." Section 2.11 makes it plain that had Howell become eligible on July 12, 1950, as set out above, it is not certain that he would have been released. Considering the nature of the crime for which he was sentenced, as well as his prior record, it is not even probable. Howell's "right," if it may be called such, would have been to require the Parole Board to exercise its discretion at that time in deciding whether or not to grant him a parole. How the Board would have acted is purely conjectural, and this court is not at liberty to make an assumption one way or the other. See United States ex rel. Hurwitz v. Alexander, 2 Cir., 1945, 150 F.2d 1013, 1014.

▮ In order to grant Howell the relief sought it would be necessary either to (1) reduce his sentence to a length such that one-third thereof would have made him eligible for parole on June 12, 1950; or (2) issue a mandatory injunction to the Parole Board compelling it to consider him for parole.

The first course of action would result in Howell's present eighteen years and forty-four days sentence being reduced to five years, seven months and eighteen days, or an approximate reduction of twelve years. It impugns reason to ask this court to lop off twelve years of a sentence to preserve a contingent status which might or might not result in the granting of parole, depending upon how the Parole Board might choose to exercise its discretion.

▮ As to the second alternative: In the first place, relief under Section 2255 must be as to the sentence itself; not as to the manner in which it has been or is being executed; and secondly, a judgment or decree in this action certainly could have no effect upon the members of the Parole Board, who are neither parties nor privies to this proceeding. ALI, Restatement, Judgments, § 93. Even if the members of the Parole Board had been named as parties, this court could not tell them how to exercise their discretion.

▮ The deprivation of Howell's inchoate right to be considered for parole did not increase his punishment. Even if the sentence had been increased, the law is settled that this may be done, on the theory that a void sentence in contemplation of law is non-existent. Murphy v. Mass., 1900, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711; King v. United States, 1938, 69 App.D.C. 10, 98 F.2d 291.

▮ McDonald v. Moinet, 6 Cir., 1944, 139 F.2d 939, cited by Howell, is not in point. Here we are dealing with a sentence imposed nearly four years ago. In the McDonald case, the District Court was imposing a current sentence. There, after the Appellate Court had affirmed the lower court in declaring a thirty-five year sentence void and imposing a valid twenty-five year sentence, the court said at page 941 of 139 F.2d: "The petitioner will be entitled to the benefit of all parole regulations and good-time credits, as if the valid re-sentence of twenty-five years' imprisonment had been pronounced on January 26, 1939, the date of the original void sentence." Sixty days have long since elapsed from the date of the sentence and the receipt of the mandate issued upon affirmance of the judgment on appeal. This court's discretion to reduce sentence can no longer be exercised. Rule 35, Federal Rules of Criminal Procedure, 28 U.S.C.A. I do not now have power to give Howell the benefit of the earlier parole eligibility date as the Appellate Court apparently thought it had in the McDonald case.

If it were within my power to restore to Howell the same parole eligibility date that would have been earned under the former sentences, I would be inclined to do so, since it was certainly my intention when imposing sentence that it should operate in all respects as if the original sentence had stood uncontested; but it is clear in the light of the foregoing discussion

that I do not have such power in this proceeding. I may say, however, that a more liberal interpretation by the Parole Board of resentences under conditions similar to those presented here might alleviate resulting hardships not within the purview of judicial intervention.

The conclusion is that the motion and the files and records of this case conclusively show that Howell is entitled to no relief.

The motion will be dismissed.