Emory Newton **BROWN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17124.

United States Court of Appeals
Fifth Circuit.

June 23, 1958.

Emory N. Brown, in pro. per.

Robert F. Nunez, III, Asst. U. S. Atty.,
Tampa, Fla., for appellee.

Before RIVES, JONES and BROWN,
Circuit Judges.

JONES, Circuit Judge.

The appellant was convicted on three counts of an information charging armed robbery of a bank. He was sentenced to serve twenty years on the first count, twenty years on the second count and ten years on the third count, the sentence on the second and third counts to run concurrently with the sentence on the first count. He was committed to the Federal Penitentiary at Atlanta, Georgia.

Subsequently the appellant was subpoenaed to appear as a witness on behalf of the United States in another case. During the trial of this case, he was adjudged in contempt of court for refusal to answer certain questions. The court gave the following sentence,

> "It is the sentence of the law and the judgment of the court that you, Emory Newton Brown, because of your said contempt committed in the presence of this court, be committed to the custody of the Attorney General * * * for a period of six months, and that the service of this sentence begin at the expiration of the sentence you are now serving * * * for taking part in the armed robbery of the American Bank of Lake Alfred * * * which sentence was imposed upon you on the 24th day of March, 1947."

The appellant filed a motion under 28 U.S.C.A. § 2255, for correction and clarification of the contempt sentence. The claim is asserted by the appellant that there is an ambiguity in the contempt sentence because he is serving more than one sentence and it is impossible to tell after which one the contempt sentence is to start running. Because of the alleged ambiguity, he asserts that it must be presumed to have started running at the conclusion of the shortest sentence then

running (the ten-year sentence), and that therefore it has already been served. This fact is alleged to have a bearing on his parole.

In the light of our holding as to its effect on the appellant's eligibility for parole, the contempt sentence seems perfectly clear. It obviously lumped the concurrent sentences together and provided that the six months should commence upon the satisfaction of the prior judgment. The court below so found and also stated that it had no authority to make a declaration that the contempt sentence had been served, perhaps for the reason that the sentence had not yet been begun or served. From the district court judgment denying the § 2255 motion, an appeal has been taken.

The statute fixing eligibility for parole provides:

"A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or of a sentence of over forty-five years." 18 U.S.C.A. § 4202.

The terms of sentences running consecutively are to be aggregated in determining eligibility for parole. Williamson v. Hardwick, D.C.N.D.Ga. 1955, 135 F.Supp. 463, affirmed 5 Cir., 1955, 227 F.2d 168; United States v. Howell, D.C.S.D.W.Va.1952, 103 F.Supp. 714, affirmed 4 Cir., 1952, 199 F.2d 366. See McNally v. Hill, 293 U.S. 131, 55 S. Ct. 24, 79 L.Ed. 238. There is no reason for a different rule where, as here, one of the sentences is for contempt. The aggregation rule applies where the sentences are imposed at different times as well as where given at one time. See United States v. Howell, supra. The contempt sentence for six months has added two months to the time the appellant must serve before he will be eligible to be considered for parole. If the Parole Board, when the appellant has become eligible, refuses to consider him for parole by reason of the contempt conviction he will not then be without a remedy. McNally v. Hill, supra. There is no error in the district court's judgment.

The appellant filed with us a motion that this appeal be submitted without oral argument, to which the Government objected. The appellant then petitioned for a writ of habeas corpus to permit him to make oral argument. The motion and petition will be denied. The judgment of the district court is

Affirmed.