Alan **ABRAHAMS**

v.

**UNITED STATES of America, Warden, New Hampshire State Prison.**

Civ. No. 78–396.

United States District Court, D. New Hampshire.

Feb. 15, 1979.

**611**

William H. Shaheen, U. S. Atty., Andrew R. Grainger, Asst. Atty. Gen., Concord, N. H., for respondents.

ORDER

DEVINE, District Judge.

This matter is before the Court on petitioner's request for habeas corpus pursuant to 28 U.S.C. § 2241. The matter came before the Court for hearing on defendant's motion to dismiss, and the Court has heard oral arguments of counsel and has examined the pleadings and memos on file.

In this case of first impression, the pertinent facts are as follows. On January 25, 1978, petitioner commenced serving a thirty-month sentence imposed by the Southern District of New York for a violation of probation. Some time after arrival at the federal penitentiary in Lewisburg, Pennsylvania, he sought to be transferred, via a writ of habeas corpus ad prosequendum, to Massachusetts in order to assist counsel in preparation of his defense to an indictment returned in that District. He was then transferred to the New Hampshire State Prison, which was the closest available institution.

On August 23, 1978, petitioner was sentenced by the Western District of Michigan to serve a six-month sentence to follow the sentence imposed by the New York court. On October 11, 1978, he was sentenced by the court of the Western District of Texas to a forty-month sentence, which was to run concurrently with his other federal sentences. He currently awaits trial on the Massachusetts indictment, and is being held without bail. *United States v. Abrahams*, 575 F.2d 3 (1st Cir. 1978).

Petitioner claims violations of the Fifth and Fourteenth Amendments and the laws of the United States because the United States Parole Commission failed to grant him a timely parole hearing relative to his New York sentence. He raises two points, the first of which seeks support from 18 U.S.C. § 4205(a)[1] and 18 U.S.C. § 4208(a)[2]

Richard W. Leonard, Nashua, N. H., for petitioner.

1. 18 U.S.C. § 4205(a) provides in pertinent part: Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms . . . .

2. 18 U.S.C. § 4208(a) provides in pertinent part: In making a [parole] determination . . . the Commission shall conduct a parole determination proceeding unless it determines on the basis of the prisoner's record that the prisoner will be released on parole. *Whenev-*

to advance his argument that the Commission was required to either grant him a parole hearing within thirty days before his eligibility date or release him. It is unnecessary to respond to this construction of the statute (which ignores the "whenever feasible" language therein) because the petitioner's premise is incorrect: He assumes that his eligibility date was November 26, 1978, which was ten months into his thirty-month sentence. He relies, therefore, on the sentence computation sheet completed by the Bureau of Prisons on June 7, 1978.

■ What petitioner fails to recognize is that the forty-month concurrent sentence imposed on October 11, 1978, served to extend his eligibility date. Federal sentences are aggregated to calculate the parole eligibility date. *Brown v. United States*, 256 F.2d 151 (5th Cir. 1958), construing Chapter 277 § 4202, 65 Stat. 150 (1951), the predecessor to 18 U.S.C. § 4205 (1976); *Newcombe v. Carter*, 291 F.2d 202 (5th Cir. 1961); *United States v. Franklin*, 313 F.Supp. 43 (S.D.Ind.1970). It is neither possible nor appropriate on the record presented in this action to determine petitioner's eligibility date; but it is clear, at the very least, that he was not eligible on November 26, 1978.

The second argument advanced by petitioner is that the Commission has failed to adhere to one of its own regulations. 28 C.F.R. § 2.12(a) (1978) provides:

> An initial hearing shall be conducted within 120 days of a prisoner's arrival at a federal institution, *or as soon thereafter as practicable* . . .. (Emphasis added.)

Frank C. Johnston, Administrative Hearing Examiner for the North East Regional Office of the United States Parole Commission, filed an affidavit, wherein is set forth the Commission's policy to forego parole hearings for a prisoner released on a writ of habeas corpus ad prosequendum until his return to a federal institution. Such pris-

oners are only temporarily housed at state institutions and are distinguished from "federal boarders"—those federal prisoners originally assigned to state institutions. Boarders are afforded personal parole hearings, and are normally transported to a federal institution for that purpose, but they may be provided hearings in the state facility. 28 C.F.R. § 2.16(c) (1978). Another category, comprised of prisoners serving concurrent state and federal sentences in a state institution, is entitled to parole consideration on the record only. 28 C.F.R. § 2.16(b) (1978). This process is initiated by the submission of Parole Form H–5, "Recommendation of the State Institution Having Custody of a Federal Offender". The letter of January 8, 1979, addressed to Mr. Rumney from the Parole Commission and submitted by the petitioner falls in this latter category.

The issue before us resolves itself into two questions: Whether the Commission has violated its own 120-day rule by implementing its policy regarding prisoners "out on writ"; and, if not, whether such a policy is violative of petitioner's rights to due process.

■ If the Commission has violated its own rule, the Court would have power to issue the writ. The Commission's rules and regulations are regarded as "laws of the United States" for the purpose of vesting the Court with jurisdiction under 28 U.S.C. § 2241(c)(3). *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976); *Shahid v. Crawford*, 430 F.Supp. 126 (M.D. Ala., N.D.1977); *see also Pickus v. U. S. Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974).

The 120-day rule runs from the prisoner's "arrival at a federal institution". Clearly, 120 days have elapsed since petitioner's arrival at Lewisburg, but he is no longer incarcerated at that facility. And although

---

er *feasible*, the initial parole determination proceeding for a prisoner eligible for parole . . . shall be held not later than thirty

days before the date of such eligibility for parole. (Emphasis added.)

there is some dispute as to when he was transferred, his claim is not that he was denied a timely hearing while at Lewisburg, but rather he contends that notwithstanding such transfer, he is entitled to a hearing under the 120-day rule.

The 120-day requirement, however, is not absolute; it is qualified by "or as soon thereafter as practicable". The Court concludes that so long as petitioner is away from Lewisburg, he is not entitled to a hearing sooner than the time triggered by his eligibility date. His absence renders an earlier hearing "impracticable". The provisions of 28 C.F.R. § 2.16 support this interpretation. Subsection (b), which entitles a prisoner serving concurrent state and federal sentences in a non-federal institution to a record review only, provides that "[i]f such prisoner is released from his state sentence prior to a federal grant of parole, he shall be given a personal hearing as soon as feasible after receipt at a federal institution." Subsection (c), on the other hand, makes no reference to the timing of the hearings for federal boarders, and it may thus be assumed that the provisions for hearing under that subsection relate to those hearings required under 18 U.S.C. § 4208, which are triggered by the parole eligibility date.

Petitioner casts his claim of violation of due process in terms of having to choose between the right to be considered for parole as provided by law and the right to assist his defense counsel. Because we are dealing with Commission action (implementation of policy) which is neither contrary to the governing statute nor inconsistent with its own regulations, petitioner's due process challenge stands on very narrow ground. "The constitutional test to be applied to parole is not one of right, but whether or not parole is administered in a fashion that is neither arbitrary nor capricious to the individual, nor unfairly jeopardizes the legitimate aim of society to control deviant behavior." S.Rep.No. 94–369, 94th Cong.,

2d Sess., *reprinted in* U.S.Code Cong. & Admin.News pp. 335, 341 (1976). The standard of review under the Parole Commission and Reorganization Act is whether the conduct of the Commission is arbitrary and capricious or constitutes an abuse of discretion. *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir. 1977); *Stoller v. Tennant,* 448 F.Supp. 712 (C.D.Cal.1978); 18 U.S.C. § 4218 (1976); 5 U.S.C. § 706 (1966).

In his affidavit of January 25, 1979, Frank Johnston explains:

> The prisoners released on writ are only temporarily housed in a local institution for the purpose of facing pending charges. The local institution has not been designated by the Bureau of Prisons as the institution for service of the federal sentence. Thus, the local institution would not have the Bureau of Prisons institutional file which remains at the institution. * * * Such prisoners are subject to immediate transfer upon resolution of these charges. The Commission cannot possibly trace all such prisoners to determine how long these prisoners will remain at the non-federal institutions. If such prisoners are returned to the designated institution, the Commission, if the prisoner is eligible, will schedule a parole hearing on the next available docket.

Notwithstanding that the policy of foregoing hearings for prisoners who are "out on writ" is not evidenced in writing,[3] it cannot fairly be said that such a policy is either arbitrary or capricious or an abuse of discretion. Based on substantial practical considerations, it seems to be reasonable and capable of consistent application.

Petitioner misapprehends the jurisdiction of this court, for, even if the Commission had failed to provide a timely hearing, we would not have the right to order his release. The most that could be done would be to require the Commission to give him a fair hearing in accordance with its rules and

---

**3.** Counsel for the Government admitted at oral argument that there were no written documents evidencing the policy.

**614**

regulations within a fixed period of time, following which, in the case of noncompliance, the Court could then grant the writ and order a discharge from custody. *Billiteri v. United States Board of Parole*, 541 F.2d 938 (2d Cir. 1976); *Burton v. Ciccone*, 484 F.2d 1322 (8th Cir. 1973).

What we have herein stated moots any applications for bail and, inasmuch as at hearing we granted the motion to change the caption of the motion to dismiss to "answer", the claim of failure to file a timely return pursuant to 28 U.S.C. § 2243 is without merit.

For the reasons hereinabove set forth, the Court finds that the petitioner's constitutional rights have not been violated, and that the writ should not issue.

SO ORDERED.