**UNITED STATES of America, Appellee,**

v.

**Michael H. COHEN, Appellant.**

**No. 79–5108.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 6, 1979.

Decided March 11, 1980.

Richard G. White, Washington, D. C., for appellant.

Stephen G. Jory, U. S. Atty., Elkins, W. Va. (William A. Kolibash, Asst. U. S. Atty., Betsy C. Steinfield, Third Year Law Student, Wheeling, W. Va., on brief), for appellee.

Before BUTZNER and PHILLIPS, Circuit Judges and WALTER E. HOFFMAN, Sr., United States District Judge for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

Cohen appeals his conviction after a jury trial for violation of 26 U.S.C. § 7206(2) urging that the evidence adduced at trial did not make out the offense charged, that certain evidence was erroneously admitted, that the jury was incorrectly instructed, and that the sentence was in excess of the statutory maximum. We affirm the judgment but remand to the district court for resentencing.

## I

On March 17, 1978, a team of Internal Revenue Service agents conducted an undercover surveillance of defendant Cohen at Shenandoah Down racetrack. Cohen cashed four winning tickets in the Big Exacta, a bet that requires the bettor to select first and second place winners in two races. In accordance with 26 U.S.C. § 6041, winners of this bet are required to sign a W2–G form reporting the amount of their winnings to the IRS. On the theory that Cohen was a "ten percenter," one who fills out the form for the "true" winners of the bet in exchange for a percentage of the winnings, he was indicted under 26 U.S.C. § 7206(2), which provides in part:

Any person who—

.     .     .     .     .

(2) Aid or assistance—Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document.

.     .     .     .     .

shall be guilty of a felony  .   .   . .

At trial, Workman, a racetrack patron, testified that he gave his winning ticket to Cohen to cash and that Cohen kept approximately $46 of the $846.80 proceeds. Over defendant's objection, the government introduced testimony about the number of winning tickets cashed by Cohen between January 1 and March 23, 1978. Cohen testified and admitted the transaction but characterized his actions as not willful or fraudulent. In rebuttal the government offered the testimony of an investigator from the Thoroughbred Racing Protective Board, who testified, based on business records of the Board, that Cohen had been ejected from several racetracks for ten percenting. Defendant was convicted, fined $2,000 and sentenced to three years imprisonment, 23 months suspended, and four years probation.

## II

Cohen contends that the form he signed was not "false as to any material matter" because he listed his own name and was in fact the recipient of the winnings.

This argument is unpersuasive because defendant was merely the conduit for the winnings. *See United States v. Snyder*, 549 F.2d 171 (10th Cir. 1977), *United States v. Walsh*, 544 F.2d 156, 160 (4th Cir. 1976) (citing cases). Cohen also argues that a loss of tax revenues must be shown before a conviction may be obtained. The statute does not require loss of revenue as an element of proof of violation of § 7206(2). *See United States v. Perez*, 565 F.2d 1227, 1233–34 (2d Cir. 1977).

■ Defendant urges that evidence of other winning tickets cashed by him and the testimony by the Board investigator were erroneously admitted. This evidence of "other acts" by defendant is admissible under Fed.R.Evid. 404(b). To obtain a conviction under § 7206(2) the government must prove that defendant's actions were willful. Use of character evidence of other acts by defendant to demonstrate intent or knowledge is explicitly sanctioned by rule 404. The record reflects the trial court's careful balancing of the prejudice to defendant against the government's need to introduce the evidence. *See United States v. DiZenzo*, 500 F.2d 263 (4th Cir. 1974). The decision to admit this evidence was within the discretion committed to the trial court. *United States v. Mastrototaro*, 455 F.2d 802 (4th Cir. 1972).

[4] Defendant also challenges the instructions to the jury. No objection was made to the instructions as required by Fed.R.Crim.P. 30. The challenged instructions do not amount to "plain error" under Fed.R.Crim.P. 52(b). The jury was instructed that the statute prohibited "causing" the preparation or presentation of a false return. This instruction has been upheld in the prosecution under § 7206(2) of the person who actually prepared the false form. *United States v. Perez*, 565 F.2d at 1234. Cohen also challenges an instruction listing "preparing or presentation" of a false return as an element of the offense. Although this is not an element of the offense under § 7206(2), the district judge did correctly list the required elements of proof elsewhere in the charge and we conclude that the challenged portion of the instruction did not prejudice defendant.

### III

Defendant, as noted, was given a sentence of three years imprisonment, with twenty-three months suspended, and four years probation, together with a $2,000 fine. Thus, if the sentence is valid, defendant would have thirteen months to serve without regard to parole or statutory credits.

■ The record does not disclose whether the district judge considered that he was acting under the "split-sentence" provision of 18 U.S.C. § 3651[1] or under an assumed inherent power to impose such a partially suspended sentence of imprisonment. Be that as it may, § 3651 provides the sole source of the district courts' power to suspend the execution of sentences; a federal court has no inherent power to suspend sentences or place defendants upon probation.[2] *See Ex parte United States*, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916); *United States v. Atlantic Richfield Co.*, 465 F.2d 58, 60 (8th Cir. 1972). The validity of the sentence must therefore be tested under § 3651. On that basis it is clearly illegal, because the statute limits to six months the permissible period of actual confinement where a part of a sentence is suspended upon probation. *See United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979).

---

1. 18 U.S.C. § 3651 provides in part:
   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

2. Unlike the situation in many state systems where such an inherent power is recognized.

The quoted portion of § 3651 was enacted as Pub.L. 85–741 on August 23, 1958. Its primary purpose was to enable a judge to impose a short sentence, not exceeding six months, followed by probation on a *one* count indictment. S.Rep.No.2135, 85th Cong., 2d Sess. (1958), U.S.Code Cong. & Admin.News 1958, p. 3841. *United States v. Wertheimer*, 434 F.2d 1004, 1005–6 (2d Cir. 1970). Since defendant here was charged in a one count indictment, it is clear that under § 3651 six months was the maximum permissible period of initial confinement. Our own late Chief Judge John J. Parker, testifying before the House subcommittee of the Committee on the Judiciary said to the 1958 amendment that "this is really to take care of the situation where the judge thinks that the man ought to be admitted to probation, but that he ought to serve a little while in prison before he has the benefit of probation." S.Rep.No.2135, 85th Cong., 2d Sess., reprinted in (1958) U.S.Code Cong. & Admin.News, p. 3842. And Circuit Judge Albert B. Maris of the Third Circuit commented at the same hearing: "You are faced today in the one-count indictment with either immediate probation—no imprisonment whatever—or a term of imprisonment without any probation in which case you have got to impose the full term and it must be served." *Id.*

With this legislative history and bearing in mind that sentencing in the federal system is purely statutory, we conclude that, under a one count indictment, there is no authority vested in a district judge to suspend a portion of a sentence except under the provisions of 18 U.S.C. § 3651. The sentence imposed in this case was illegal. We remand to the district court for resentencing. Rule 35, Fed.R.Crim.P.

*AFFIRMED IN PART; REMANDED IN PART.*