S. Thomas **BURNETT**, Petitioner,

v.

Thomas R. **KINDT**, Respondent.

Civ. A. No. 84–T–1255–N.

United States District Court,
M.D. Alabama, N.D.

Nov. 29, 1984.

Penny Harrington, Nashville, Tenn., for petitioner.

John Bell, U.S. Atty., and D. Broward Segrest, Asst. U.S. Atty., Montgomery, Ala., for respondent.

### ORDER

MYRON H. THOMPSON, District Judge.

This cause is before the court on the November 9, 1984, report and recommendation of the magistrate and the November 26, 1984, objections thereto, filed by the respondent, Thomas R. Kindt. For reasons that follow, the court is of the opinion that the objections are due to be overruled and the report and recommendation adopted.

### I.

■ 18 U.S.C.A. § 4161 provides in part that "[w]hen two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction [of good time] shall be computed." This policy of aggregating consecutive sentences is equally applicable to the calculation of parole eligibility. *See Young v. U.S. Parole Commission*, 682 F.2d 1105, 1111 (5th Cir.1982); *Newcombe v. Carter*, 291 F.2d 202, 202 (5th Cir.1961); *Brown v. U.S.*, 256 F.2d 151, 152 (5th Cir.1958). Kindt does not dispute that this is the general policy, nor does he dispute that the petitioner, S. Thomas Burnett, is serving consecutive sentences. Thus, according to the general policy, Burnett's sentences should be aggregated for purposes of calculating parole eligibility.

■ What Kindt objects to is the application of the general policy of aggregating consecutive sentences to Burnett's so-called split sentence. Kindt relies on a Bureau of Prison rule that provides an exception against aggregating split sentences with any other sentences. All agree that Burnett's sentence of five months and twenty-nine days imprisonment with execution of the remainder of one year suspended is a split sentence. It is also clearly permissible for such a split sentence to be imposed along with another sentence in a multi-count conviction, *U.S. v. Entrekin*, 675 F.2d 759, 762 (5th Cir.1982), such as here where Burnett also received a sentence of one year imprisonment on the other count of his two-count conviction.

■ What is unclear is why there should be an exception from the general policy of aggregating consecutive sentences when a split sentence is concerned. Kindt has shown no rationale for such an exception, nor identified any statutory authority for making an exception. Indeed, it appears

that the purported exception, on which Kindt relies, is not applied in every case, and on at least one occasion the government has "consolidated the detention part of both sentences, as a purported matter of grace to give him early parole." *U.S. v. Fortner*, 549 F.Supp. 657, 660 (D.S.C.1982). On this basis, Burnett appears entitled to have his consecutive sentences aggregated for purposes of calculating his parole eligibility, according to the general policy.

## II.

There is an additional ground for rejecting Kindt's contention that Burnett's sentences should not be aggregated. The consequence of this contention would be that Burnett must serve a total of seventeen months and twenty-nine days before becoming eligible for parole. This period exceeds what Burnett would have had to serve to be eligible for parole had he been given the maximum sentence available for his conviction.

Violation of 26 U.S.C.A. § 7203 carries a maximum term of imprisonment of one year. Convicted of two counts of such a violation, Burnett was liable for a maximum term of imprisonment of two years, that is one year on each count to be served consecutively. With such a two-year term, Burnett would have been eligible for parole after serving eight months in prison.

In fact, Burnett received a two-year sentence of exactly this kind; however, all but five months and twenty-nine days of one year was suspended. Kindt would now have it that this suspension of part of Burnett's sentence *increased* the term he must serve. Such a consequence violates not only common sense but the apparent intent of the split-sentence option "to enable a judge to impose a short sentence, not exceeding six months, followed by probation...." *U.S. v. Cohen*, 617 F.2d 56, 59 (4th Cir.1980). Kindt would have it that the sentencing court imposed a sentence with parole eligibility in excess of that provided for the maximum available term. It is axiomatic that a court may not impose a

sentence in excess of the statutory maximum.

Accordingly, it is ORDERED:

(1) That respondent Kindt's November 26, 1984, objections, etc., be and they are hereby overruled;

(2) That the November 9, 1984, report and recommendation of the magistrate be and it is hereby adopted; and

(3) That the respondent Kindt and the United States Parole Commission: (a) afford the petitioner a parole hearing on November 30, 1984; (b) notify this court no later than December 5, 1984, whether they afforded the petitioner a parole hearing on November 30, 1984; and (c) immediately release the petitioner if they have not afforded him a parole hearing on November 30, 1984.

## REPORT AND RECOMMENDATION OF THE MAGISTRATE

November 9, 1984

JOEL F. DUBINA, United States Magistrate.

Petitioner, a federal prison inmate, filed an application in this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is being unlawfully restrained of his liberty by the United States Bureau of Prisons, and is now in custody of the respondent, Thomas R. Kindt, Superintendent of Maxwell Prison Camp in Montgomery, Alabama.

On November 2, 1984, the Magistrate conducted an evidentiary hearing in this cause. Petitioner appeared with retained counsel and the respondent was represented by counsel. Based upon the evidence presented at the evidentiary hearing, the Magistrate makes the following findings:

The facts in this case are basically not in dispute. Petitioner entered a plea of guilty to two counts of failure to file federal income tax returns for the years 1979 and 1980 (26 U.S.C. § 7203). The Judgment and Probation/Commitment Order from the United States District Court for the Middle District of Tennessee ordered peti-

tioner committed to the custody of the Attorney General of the United States for imprisonment as follows:

(1) ONE YEAR on Count Two.

On Count Three, the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ONE (1) YEAR. The execution of said term of imprisonment on Count Three is suspended except for FIVE (5) MONTHS and TWENTY-NINE (29) DAYS, which shall be served in a jail-type institution. Said term of imprisonment shall run *consecutively* with the term of imprisonment imposed on Count Two.

The defendant is placed on supervised probation for a period of THREE (3) YEARS. Such period of probation is to commence upon the defendant's release from prison by the United States Parole Commission.

It is further ORDERED that the defendant shall report to the United States Marshal, Nashville, Tennessee, or such other place as may be designated by the United States Marshal, on Monday, August 30, 1982, at 9:00 A.M., to begin service of his sentence.

Petitioner began serving his sentence on March 4, 1984. The Bureau of Prisons has taken the position, not just in the instant case but in all similar cases, that "split sentences" should not be aggregated with other sentences. Consequently, the Bureau of Prisons has refused to aggregate the split sentence imposed under 18 U.S.C. § 3651 on Count Three with the sentence imposed on Count Two. As a result of this refusal, petitioner claims that he is being denied the right to request a hearing before the United States Parole Commission which constitutes unlawful restraint.

The result of the Bureau of Prisons' interpretation of 18 U.S.C. § 4205 and 18 U.S.C. § 3651 is that petitioner is now serving one year on Count Two of the Information. At the conclusion of that sentence, less good and honor time, petitioner will commence serving the five (5) months and twenty-nine (29) days incarceration imposed

on Count Three. The consecutive sentences imposed on Counts Two and Three have not been aggregated by the Bureau of Prisons. Because the length of the first sentence is one year or less, petitioner is not eligible under 18 U.S.C. § 4205 for a parole hearing. Because the length of the second sentence is likewise less than one year, petitioner will subsequently again be denied the opportunity for a parole hearing. If the Bureau of Prisons were to aggregate the two sentences, seventeen (17) months and twenty-nine (29) days would be the basis for computation of the time required to be served prior to parole eligibility.

The instant petition for writ of habeas corpus is filed under 28 U.S.C. § 2241. Petitioner's sole ground for relief is the refusal of the Bureau of Prisons to aggregate the consecutive sentences imposed by the sentencing court. The proper method of attacking execution of a sentence is by a writ of habeas corpus and not in a post-conviction proceeding for vacation of a sentence or judgment. *Brown v. United States*, 610 F.2d 672 (9th Cir.1980). Where a federal prisoner is attacking not the sentences imposed but rather the execution of that sentence by the Parole Commission's interpretation of its guidelines, to that extent the complaint is cognizable only in a proceeding under § 2241 commenced in the district court having territorial jurisdiction over the petitioner's custodian. *Wright v. United States Board of Parole*, 557 F.2d 74 (6th Cir.1977); *Freeman v. United States*, 254 F.2d 352 (D.C.Cir.1958); *Cohen v. United States*, 593 F.2d 766 (6th Cir. 1979).

The Bureau of Prisons is requiring the petitioner to serve all of the one-year sentence imposed on Count Two, less good and honor time. He will only then begin to serve the five (5) months and twenty-nine (29)-day period of incarceration imposed for Count Three by the authority of 18 U.S.C. § 3651. Because petitioner is required to serve each sentence independently, his sentence will never be the year and a day required to be eligible for a hearing before

the United States Parole Commission. The relevant statute, 18 U.S.C. § 4205(a) provides as follows:

Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving 10 years of a life sentence or of a sentence over 30 years, except to the extent otherwise provided by law.

18 U.S.C. § 3651 does not discuss the question of aggregation of a sentence under that statute with a straight sentence. It appears to the Magistrate, however, that the petitioner in the instant case is serving definite terms of more than one year and should be eligible for release on parole after serving one-third of those terms. Therefore, the split sentencing statute itself does not bring petitioner's sentence into the exception of subsection (a).

On September 12, 1984, petitioner's counsel received a letter from Clair A. Cripe, General Counsel, Bureau of Prisons, United States Department of Justice, Washington, D.C. In his letter, Mr. Cripe sets forth the Bureau of Prisons' construction of 18 U.S.C. § 3651. Mr. Cripe stated in pertinent part as follows:

Since you are aware of the facts in this case, we will not reiterate them here. We will, however, explain why we do not aggregate (combine) "split sentences" under 18 U.S.C. 3651 with other sentences.

Public Law 85–741 (August 23, 1958), as codified in U.S.C. 3651, was enacted because a number of federal courts wanted the flexibility to impose confinement plus probation for a one-count indictment. In some cases, courts found that a short period of confinement followed by probation has a salutary effect upon an offender and is conducive to his rehabilitation. As a result, the Bureau of Prisons has always held the opinion that the initial confinement portion of a one-count "split sentence" is a separate and distinct entity for sentence computation purposes, since only a portion of the actual sentence imposed is being served, with the remainder being suspended pending the outcome of a period of probation. Because of this, we do not believe that "split sentences" should be aggregated with other sentences.

The Magistrate agrees with the general counsel's characterization of a short period of confinement coupled with probation as salutary; however, the Magistrate finds a logical inconsistency in interpreting the purpose of the split sentencing law this way and in using that interpretation to greatly expand the time which a person sentenced under it must serve. In the instant case, requiring the petitioner to serve the entire seventeen (17) months and twenty-nine (29) days is inconsistent with the Bureau's own interpretation of legislative intent in this case. The primary purpose of the split sentencing provision of 18 U.S.C. § 3651 is to enable the court to impose short sentences followed by probation. *U.S. v. Cohen*, 617 F.2d 56 (4th Cir.1980). There is no indication either in the statute, when construed by a plain meaning canon of construction, nor in reported cases, that the intent of Congress was to require that a split sentence be a "separate and distinct entity for sentence computation purposes." Such an intent would be contrary to the basic purpose for the passage of the legislation in the first instance.

Able counsel for the petitioner and for the respondent informed the Magistrate in open court that there is no reported case on point with the issue presented in this case. The Magistrate has also made an independent search of the law in this area and is unable to find a reported case directly on point. Consequently, the instant case appears to be one of first impression.

Federal appellate courts have held that it is proper to aggregate consecutive sentences for the purpose of determining parole eligibility. In *Brown v. United States*, 256 F.2d 151 (5th Cir.1958), the question arose as to whether a six-month sentence for contempt should be aggregated with the terms the prisoner was already serving. The court held that the contempt

sentence was to be aggregated with the other sentences in determining defendant's eligibility for parole. Once again the court found the question of aggregation of consecutive sentences to be well-settled. Citing numerous cases, the court found that there was no reason for a different rule where one of the sentences was for contempt. The court held that the aggregation rule applies even where the sentences are imposed at different times and for different offenses.

In the instant case, the sentences were imposed for precisely the same offense at precisely the same time by the same sentencing judge. Arguably, one could apply the same logic as the court's holding in *Brown* that there is no reason that the two sentences should not be aggregated for the purpose of determining parole eligibility.

In a later Fifth Circuit case, the court once again held that it is proper to aggregate consecutive sentences for the purpose of determining parole eligibility. *See Young v. United States Parole Commission*, 682 F.2d 1105 (5th Cir.1982). These rulings are consistent with the underlying purpose that sentences should be aggregated in order to bring about greater uniformity in the time actually served by persons receiving similar sentences.

In *Goode v. Markley*, 603 F.2d 973 (D.C. Cir.1979), *cert. denied* 444 U.S. 1083, 62 L.Ed.2d 768, 100 S.Ct. 1039, the court held that it is well-settled that it is proper for the United States Parole Commission to aggregate consecutive sentences for the purpose of determining parole eligibility.

In *McCray v. United States Board of Paroles*, 542 F.2d 558 at 560, the court said "there is no authority for the proposition that consecutive sentences expire independently of one another. The argument that consecutive sentences have separate mandatory release dates and that as each sentence reaches that date the next sentence begins has been made before and summarily rejected." Quoting *Brown v. Kearney*, 302 F.2d 22 (5th Cir.1962); *United States ex rel. Klein v. Kenton*, 327 F.2d 229 (2d Cir.1964); *Briest v. United States Bureau of Prisons*, 459 F.2d 284 (8th Cir.1972); and *Grant v. Hunter*, 166 F.2d 673 (10th Cir. 1948).

In his excellent briefs filed in this cause, petitioner anticipates a question which could arise in this case, that being, whether the fact that the offenses were misdemeanors has any effect upon the requirement of aggregation. For this proposition, petitioner cites *Abrahams v. United States*, 465 F.Supp. 610 (D.C.N.H.1979). *Abrahams* was also before the district court on a request for habeas corpus pursuant to 28 U.S.C. § 2241. In 1978, *Abrahams* was sentenced to serve thirty (30) months by a court of the Southern District of New York for a violation of probation. Later that year he was sentenced by a court of the Western District of Michigan to serve a six (6) month sentence consecutive to the sentence imposed by the New York court. In October of that year, he was sentenced by a court of the Western District of Texas to a forty (40) month sentence which was to run concurrently with his other federal sentences. In *Abrahams* the court held that it was proper that the six (6) month consecutive sentence be aggregated with the other sentences, citing the following cases: *Brown v. U.S., supra; Newcombe v. Carter*, 291 F.2d 202 (5th Cir.1961); *United States v. Franklin*, 313 F.Supp. 43 (S.D. Ind.1970).

Petitioner has been informed that he will be required to serve fourteen (14) months, including good and honor time on his sentence of seventeen (17) months and twenty-nine (29) days before he will be eligible for parole consideration. A person convicted of a felony and sentenced to three years would be eligible to appear before the Parole Commission two months prior to the time petitioner would be eligible for release with the deduction of his good and honor time.

This court has an obligation, in considering the issue presented in this case, to balance the rights of the petitioner, which might be prejudiced, and any foreseeable harm which might result to the respondent and/or Parole Commission. As the Magis-

**172**

trate understands the prayer for relief contained in the petition, petitioner is simply requesting an opportunity to be afforded a hearing before the Parole Commission. If petitioner is unsuccessful in the hearing on the merits, the application for parole is vitiated. Thus, the Magistrate fails to see where any harm could result to the respondent and/or Parole Commission by affording the petitioner a hearing on an application for parole. While the Parole Commission may be inconvenienced in having to process an additional application, that burden is greatly outweighed by the petitioner's right to be afforded a parole hearing.

In conclusion, the Magistrate finds that the Bureau of Prisons' policy of not aggregating "split sentences" under 18 U.S.C. § 3651 with other sentences to be an incorrect interpretation of the statute. Accordingly, it is the RECOMMENDATION of the Magistrate that the petition for writ of habeas corpus be conditionally GRANTED in the following respects:

1.  That the Parole Commission afford the petitioner a parole hearing on November 30, 1984;

2.  That the Parole Commission notify this court not later than December 5, 1984, whether or not the petitioner was afforded a parole hearing;

3.  That in the event petitioner is afforded a parole hearing on November 30, 1984, the petition for writ of habeas corpus should then be DENIED and this cause DISMISSED.

4.  That in the event petitioner is not afforded a parole hearing on November 30, 1984, the petition for writ of habeas corpus should then be GRANTED unconditionally and the petitioner should be ordered released from custody.