**George C. NORRIS, Plaintiff-Appellee,**

**v.**

**O.H. WHITE, Defendant-Appellant.**

No. 86–7330.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1987.

Decided Aug. 3, 1987.

Debra J. Prillaman, Asst. U.S. Atty., Richmond, Va. (Henry E. Hudson, U.S. Atty., for E.D. Va., Alexandria, Va., on brief), for defendant-appellant.

Curtis C. Crawford (Jill A. Leka, St. Louis, Mo., Leonard W. Lambert, Richmond, Va., on brief), for plaintiff-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.

KISER, District Judge.

This case is on appeal from the decision of the United States District Court for the Eastern District of Virginia to grant George C. Norris, Sr.'s petition for a writ of habeas corpus. Norris had been found guilty and sentenced on numerous counts related to his involvement in a conspiracy to skim equity from a federally held housing project, the equity skimming itself, and his having made false statements regarding his role in these crimes. In all, petitioner was convicted on seventeen criminal counts.

He was sentenced under the "split sentence" provisions of 18 U.S.C. § 3651. That statute permits a federal judge to impose a sentence in excess of six months but to order that confinement time be suspended so that a defendant will actually be incarcerated for a period of up to six months followed by a probation term. For example, Norris' sentence on each of the first two counts in the present case was two years. However, the sentence was suspended except for seventy days on each of these counts. The incarceration was to be followed by a three-year probation period. On each of the remaining fifteen counts, Norris was sentenced to a term of one year, but again the sentence was suspended and he was ordered to serve only seventy days on each count followed by the same probation period imposed on the first two counts. All periods of confinement were ordered to be served consecutively. In summary, petitioner was sentenced to 19 years of which he was to serve 1,190 days. Petitioner thereafter filed a Motion for Reduction of Sentence pursuant to Fed.R. Crim.P. 35, and the court reduced the confinement period from 70 to 50 days on each of the 17 counts, resulting in a total of 850 days of incarceration time. Another Rule 35 motion was subsequently filed, but that motion was denied.

The major issue raised by petitioner in his habeas corpus petition was that the Bureau of Prisons should have aggregated these § 3651 split sentences for the purpose of determining Norris' parole eligibility. The relevant parole statute, 18 U.S.C. § 4205(a), provides in applicable part for parole eligibility after service of one-third of a definite term or terms of more than one year. Section 3651 sentences are not considered by the Bureau of Prisons to constitute definite terms over which the Parole Commission has jurisdiction. Thus, the stance of the Bureau of Prisons has been that a sentence imposed pursuant to that section is one that allows the court to set the release date followed by a term of probation and that prisoners incarcerated pursuant to a § 3651 sentence are not entitled to be considered for parole.

It is beyond dispute that petitioner in both of his Rule 35 motions was concerned about his ineligibility for parole consideration. The primary case relied upon by peti-

tioner in support of his position that the Bureau of Prisons should be ordered to aggregate § 3651 sentences so that the time imposed would meet the year and a day requirement necessary for parole eligibility is that of *Burnett v. Kindt*, 599 F.Supp. 166 (M.D.Ala.1984), *appeal dismissed as moot* 780 F.2d 952 (11th Cir. 1986). In the *Burnett* case, a United States Magistrate had thoroughly examined the issues and could find no legitimate rationale behind the Bureau's policy for not aggregating split sentences. The district court agreed. One of the court's main concerns was that without aggregation, Burnett would have to serve more time by receiving a split sentence than if he had been given the maximum terms of imprisonment to which he could have originally been sentenced and had thereafter been paroled.

In *Burnett*, petitioner had pleaded guilty to two counts of failing to file federal income tax returns. On one of these counts, he received a straight sentence of one year, but on the other count he received a split sentence of five months and twenty-nine days to be followed by three years of probation. The sentences on these two counts, as in the seventeen counts in the present case, were ordered to run consecutively. Had Burnett been given the statutory maximum of one year to be served consecutively on each count, he would have been eligible for parole in eight months. Having received a definite sentence of one year on each count, petitioner's two sentences would have been aggregated for a total of twenty-four months and parole eligibility would have occurred at the end of one-third of that time (eight months). By refusing to aggregate the sentences actually given petitioner, the Bureau of Prisons was forcing petitioner to serve seventeen months and twenty-nine days without parole eligibility. Thus, petitioner would have been better off had the judge sentenced him to the maximum term of incarceration on each count. This concern does not apply to the present case because even if Norris were

required to serve his entire sentence, his period of incarceration would amount to about 2⅓ years, far less time than he would have had to serve had he been sentenced to the maximum period of confinement under the numerous counts of which he was convicted.

Despite the fact that petitioner in the present case would be required to serve considerably less time prior to his release than he would have had to serve before being eligible for parole had he received the maximum sentence on all seventeen counts of which he was convicted, the rationale in *Burnett* is nevertheless applicable. Basically, the Bureau of Prisons has failed to show why split sentences should not be aggregated, but has relied on the unpersuasive argument that the whole purpose behind a split sentence is to permit the court to impose a term of incarceration followed by probation and that the court thus has determined the release date. This argument is without merit, particularly in view of the legislative history behind the statute permitting split sentences.

The legislative history with regard to the 1958 amendment to the statute, i.e., the "split sentence" provision, is not lengthy but is nevertheless very helpful. It is clear that this statutory amendment was enacted because in a one count indictment situation the sentencing judge had to choose between either incarceration or probation. Thus, the split sentence provision was added to permit the imposition of a short period of jail time followed by probation.[1]

The legislative history of the statutory amendment as developed in the Senate includes an excerpt from the testimony before the Committee on the Judiciary, House of Representatives, of the Honorable John J. Parker, longtime Chief Judge of the United States Court of Appeals for the Fourth Circuit, with regard to the proposed legislation. Judge Parker noted that "this is really to take care of the situation where the judge thinks that the man ought to be admitted to probation, but that he ought to

---

1. Among the cases that have recognized this primary purpose of the split sentence is *United*

*States v. Cohen*, 617 F.2d 56 (4th Cir.1980).

serve a little while in prison before he has the benefit of probation. ... This very practice has been possible for years and has been upheld by the Supreme Court, where there are two or more counts in the indictment." S.Rep. No. 2135, 85th Cong., 2d Sess. 2 (1958), U.S.Code Cong. & Admin. News 1958, pp. 3841, 3842. Judge Parker's observations underscore the stated purpose of the statute and further underscore the fact that the statute should not be misused to increase the time the prisoner has to stay in confinement. The entire underlying theme of the legislative history confirms that the prisoner be confined only for a short period of time.[2] It would be a perversion of its purpose to permit the statute to be used to impose numerous short sentences to thwart an individual's eligibility for parole.

Although the imposition of split sentences has been recognized as proper in multiple count indictments, *see, e.g., United States v. Entrekin*, 675 F.2d 759 (5th Cir. 1982), the potential for abuse in such situations is great, particularly if the Bureau of Prisons' nonaggregation policy is permitted to continue. Certainly in the present matter, the trial judge could have assured that petitioner remained incarcerated for a period of several years simply by imposing straight time on each of the seventeen counts that would preclude parole eligibility until an appropriate period of incarceration had been served. For the Bureau of Prisons to interpret § 3651 as it does to attempt to assure such a period of incarceration, however, through the "split sentence" provisions of 18 U.S.C. § 3651 thwarts the legislative history and the rationale behind the propriety of split sen-

tencing. Under the circumstances, the decision of the United States District Court for the Eastern District of Virginia to grant Norris' petition for a writ of habeas corpus is affirmed, and the Bureau of Prisons must aggregate consecutive sentences imposed pursuant to 18 U.S.C. § 3651 for parole eligibility purposes.

AFFIRMED.

WILKINS, Circuit Judge, dissenting:

I would give due deference to the Bureau of Prisons policy and uphold the clear intent of the sentencing judge.

### I.

Following conviction on seventeen counts of conspiracy, making false statements, and diversion of federally insured housing project funds, Norris could have been sentenced to more than fifty years incarceration if the statutory maximum penalties had been imposed consecutively. In the exercise of his discretion, the sentencing judge sentenced Norris under 18 U.S.C.A. § 3651 (West 1985)[1] to a total of nineteen years suspended on the service of 1,190 days followed by three years probation.

Norris moved for reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, acknowledging that:

This sentence was imposed for the purpose of not allowing the defendant to become eligible for parole and the court in its wisdom felt that this sentence was appropriate under the circumstances then and there existing.

Norris stated that he had "no quarrel with the court's assessment of this sentence,"

---

**2.** Though not on point with the facts of the present situation, a case that nonetheless warrants mention because it points out another misuse of § 3651 by the Bureau of Prisons is *United States v. Griffin*, 627 F.Supp. 1551 (D.Ariz.1986). In granting a defendant's Rule 35 motion to have his sentence reduced, the district judge quoted extensively from the Bureau's policy which, despite its nonaggregation language, was utilized to add the initial time served to the additional time imposed when a defendant subsequently violated probation and was returned as a probation violator to be further incarcerated. For example, the Bureau

would take a five-year sentence suspended to six months incarceration time plus five years of probation and calculate it as a five-year sentence even though a probation violator was returned to serve only four-and-one-half years. The obvious result was that the Bureau's policy increased the amount of time to be served before parole consideration could occur.

**1.** 18 U.S.C.A. §§ 3651, 3653 and 4205 are repealed effective November 1, 1987. Sentencing Reform Act of 1984, Pub.L. No. 98–473, §§ 212, 218(a), 98 Stat.1987, 2027 (1984).

but asked the court to impose a "term certain" so that he would be eligible for parole. The sentencing judge refused to impose a "term certain," but did reduce Norris' confinement to 850 days. Norris then filed a second Rule 35 motion which was denied.

Having exhausted his avenues of relief in the sentencing court, Norris filed this action challenging the validity of the Bureau of Prisons policy which renders him ineligible for parole. The district court hearing the petition found that the Bureau had incorrectly interpreted 18 U.S.C.A. §§ 3651 and 4205 (West 1985) and ordered that Norris be afforded a parole hearing. In doing so, it completely disregarded the intent of the sentencing judge.

## II.

Under Section 4205(a), only a prisoner "confined and serving a *definite* term or terms of more than one year" is eligible for parole. (Emphasis added.) The Bureau of Prisons policy prohibiting parole eligibility on split sentences is logically based on the reasoning that a Section 3651 sentence is not a "definite term" since the prisoner is released from confinement subject to satisfactory completion of a probationary period.

A Section 3651 split sentence is nothing more than the imposition of a suspended sentence followed by probation with a period of incarceration required as a special condition of probation. The period of incarceration is not a "definite term" since the sentencing court retains jurisdiction over a probationer until the expiration of the entire term of probation and has the power to revoke probation and to require service of all or any part of the suspended sentence if the probationer violates any condition of his probation. 18 U.S.C.A. § 3653 (West 1985).

The majority relies on scant legislative history to support its conclusion. This history is void of any intent that split sentences not be imposed consecutively on multiple counts, and it is certainly not prohibited by the statute. Indeed, the Bureau of Prisons policy which interpreted Sections 3651 and 4205 was established in 1972. In 1976 Congress reenacted Section 4205(a) without change and without comment on the Bureau of Prisons' longstanding interpretation. Parole Commission and Reorganization Act, Pub.L. No. 94–233, 90 Stat. 222 (1976); *see* S.Rep. No. 369, 94th Cong., 2d Sess. 22, *reprinted in* 1976 U.S.Code Cong. & Ad.News 335, 343. This is persuasive evidence that the interpretation was not contrary to the intent of Congress. *See N.L.R.B. v. Bell Aerospace Co.*, 416 U.S. 267, 275, 94 S.Ct. 1757, 1762, 40 L.Ed.2d 134 (1974). The Board of Prisons' interpretation is a reasonable one and is therefore entitled to considerable deference. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Talley v. Mathews*, 550 F.2d 911, 919 (4th Cir.1977).

## III.

The majority cites the rationale of *Burnett* as applicable. To the contrary, *Burnett* dealt specifically with a sentencing judge who, given parole considerations, attempted to use a "split sentence" to require a defendant to serve more time than if the statutory maximum sentences had been imposed consecutively on a multiple count indictment. Clearly, this is not the case before us. It is undisputed that the sentencing judge was fully aware of the Bureau of Prisons policy and that he intended for Norris to serve 850 days, less good-time credits. The sentencing judge could have elected to sentence Norris to a definite term of seven years which would have made him eligible for parole after serving approximately 850 days. Instead, he chose to use split sentences to accomplish this same result. The majority disregards this clear intent by ruling that Norris is eligible for parole after only serving approximately 283 days. Such a potential windfall is unjustified in light of the clear and unambiguous intent of the district judge.

The sentencing judge imposed a legal sentence on Norris. The longstanding and

reasonable Bureau of Prisons policy renders him ineligible for parole.

I therefore respectfully dissent.