944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenner Fitzgerald JACKSON, Petitioner-Appellant,
v.
Kurt S. PETERSON, United States Parole Commission,
Respondent-Appellee.
 No. 90-35792.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991.*
Decided Sept. 20, 1991.
 
 Before WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenner Jackson, a federal prisoner, appeals the dismissal of his petition for writ of habeas corpus. Because his parole hearing did not occur until four years after his placement in federal prison, and because the guidelines used to determine parole eligibility became more stringent in the interim, Jackson makes two claims. Jackson first alleges that he was denied a liberty interest in obtaining a parole eligibility hearing within 120 days. Second, he alleges that due process requires he receive a hearing based on the less onerous rules that were in place at the time he was first eligible for a hearing. We review the dismissal de novo. Roberts v. Corrothers, 812 F.2d 1173, 1178 (9th Cir.1987).
 
 
 3
 We do not reach the question of whether a federal prisoner has a liberty interest in receiving a parole hearing within 120 days following his incarceration at a federal prison, see 18 U.S.C. § 4208(a), because even if there is such a liberty interest, the only remedy is a fair hearing. See Abrahams v. United States, 465 F.Supp. 610, 613-14 (D.N.H.1979). Jackson has already received such a hearing. The only question that remains is whether Jackson is due a hearing based on the more lenient Youth/NARA guidelines, 28 C.F.R. § 2.20(h)(2) (repealed 1985), that would have been in effect had he had his parole hearing within 120 days. This argument is without merit.
 
 
 4
 We find that Jackson had "no basis to expect parole guidelines to remain constant." Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir.1987). There was no ex-post facto clause violation when Jackson's hearing examiners used the more stringent standards at his hearing, because parole guidelines cannot be considered "laws" within the meaning of the ex post facto clause. Roth v. United States Parole Comm'n, 724 F.2d 836, 840 (9th Cir.1984) (citing Rifai v. Parole Comm'n, 586 F.2d 695, 698 (9th Cir.1978)), rev'd on other grounds, Wallace v. Christensen, 802 F.2d 1539, 1553 (9th Cir.1986) (en banc). See also Wallace, 802 F.2d at 1554 ("[g]iven the discretion retained by the Commission, the frequency with which the Guidelines are followed does not convert the Guidelines into laws"). Furthermore, when the sentencing judge issues a term of imprisonment based upon existing policies of the U.S. Parole Commission and those policies become harsher, the sentence cannot be attacked collaterally. United States v. Addonizio, 442 U.S. 178, 189 (1979).
 
 
 5
 Therefore, the court correctly held that assuming arguendo Jackson had a liberty interest in receiving a hearing within 120 days of federal incarceration, the only remedy would be hearing--which Jackson already had. Because there is always the expectation that parole guidelines can change, there was no ex post facto clause violation when the more stringent guidelines were used at his hearing.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3