S. Thomas BURNETT,
Petitioner-Appellee,

v.

Thomas R. KINDT,
Respondent-Appellant.

No. 85–7063.

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1986.

D. Broward Segrest, Asst. U.S. Atty., Montgomery, Ala., for respondent-appellant.

Penny Harrington, Nashville, Tenn., for petitioner-appellee.

Before TJOFLAT and KRAVITCH, Circuit Judges, and DUMBAULD *, District Judge.

TJOFLAT, Circuit Judge:

The respondent, the warden of the Federal Prison Camp at Maxwell Air Force Base, Montgomery, Alabama, appeals from a writ of habeas corpus, issued by the district court pursuant to 28 U.S.C. § 2241 (1982), requiring him to make the petitioner, an inmate of the prison camp, available for a parole hearing before the United States Parole Commission on or before November 30, 1984. Because the respondent voluntarily complied with the writ and, as subsequently directed by the Commission, has released petitioner from custody, this controversy has become moot. We therefore dismiss this appeal for want of a case or controversy.

I.

On July 28, 1982, petitioner pled guilty in the United States District Court for the Middle District of Tennessee to two counts

---

* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

of willfully failing to file a federal income tax return, for the years 1979 and 1980, in violation of 26 U.S.C. § 7203 (1982). The court imposed consecutive sentences, deferring the execution of petitioner's count two sentence until petitioner served his count one sentence. On count one, the court imposed a term of imprisonment for one year.[1] On count two, the court gave petitioner a "split sentence," as authorized by 18 U.S.C. § 3651 (1982);[2] the court sentenced petitioner to one year in prison, suspended the execution of that sentence except for the first five months and twenty-nine days thereof, and placed petitioner on probation for a period of three years commencing on his release from prison.

Petitioner began serving his consecutive sentences on March 4, 1984,[3] at the Maxwell prison camp. Six months later, on September 27, 1984, he petitioned the United States District Court for the Middle District of Alabama for a writ of habeas corpus, alleging that the Bureau of Prisons had wrongfully denied him the right to file an application for a parole hearing before the United States Parole Commission. According to petitioner, 18 U.S.C. § 4205(a) (1982)[4] required the Bureau of Prisons to aggregate his terms of incarceration and, if the aggregate term exceeded one year, to provide petitioner an opportunity to apply

for a parole hearing after serving one-third of the aggregate term, which in his case amounted to six months. Petitioner, having served six months and having learned that the Parole Commission soon would be holding parole hearings at the prison camp, applied to respondent for permission to appear before the Commission.

Respondent denied petitioner's application. Respondent concluded that the Parole Commission had no jurisdiction with respect to petitioner's count one sentence because the term of imprisonment it prescribed did not exceed one year, as required by 18 U.S.C. § 4205(a) (1982), in order to give the Commission jurisdiction; hence, petitioner would have to serve out the full one year term, less good time, before he could be released from custody. Respondent concluded that the Commission had no jurisdiction under petitioner's count two sentence because the court, in providing that petitioner serve five months and twenty-nine days in custody and thereafter a three year term of probation, did not impose a term greater than one year. In sum, respondent's position was that the court had fashioned consecutive sentences calling for seventeen months and twenty-nine days of continuous incarceration, and, thereafter, three years of probation. If, following his release from custody, peti-

---

1. This was the maximum prison sentence the court could have imposed for a violation of 26 U.S.C. § 7203 (1982).

2. 18 U.S.C. § 3651 (1982) provides in relevant part:

   **§ 3651. Suspension of sentence and probation**

   . . . .

   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspend-

ed and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

   . . . .

   The court may revoke or modify any condition of probation, or may change the period of probation.

   The period of probation, together with any extension thereof, shall not exceed five years.

3. The nineteen month delay between petitioner's sentencing and the execution of his sentence is not pertinent to this appeal.

4. 18 U.S.C. § 4205(a) provides:

   **§ 4205. Time of eligibility for release on parole**

   (a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

tioner violated the conditions of his probation, the court could revoke his probation and require him to serve the suspended portion of his count two prison sentence, i.e., six months and one day.

Under petitioner's interpretation of the sentencing court's judgment, the Parole Commission had jurisdiction over the custodial portions of his sentences. The Commission had to consider him for release on parole after he served one-third of his seventeen month, twenty-nine day aggregate prison term and, if it released him, would have to supervise him, under conditions prescribed by the Commission, for a period of time equal to the unserved portion of such aggregate prison term. If, during the Commission's supervision, petitioner violated the conditions of his parole, the Commission would decide whether to revoke his parole and, if so, what portion of the unserved aggregate prison term petitioner would have to serve. In petitioner's view, the three-year period of probation prescribed by his count two sentence would not begin to run until (1) his mandatory release from prison, after serving seventeen months and twenty-nine days less good time, or (2) the Commission, having released petitioner on parole, terminated his parole. Thereafter, petitioner would serve three years on probation, subject to reincarceration for six months and one day (the suspended portion of his count two prison sentence) if the court determined that he had violated the conditions of his probation.

■ On November 29, 1984, following an evidentiary hearing,[5] the district court, agreeing with petitioner's interpretation of his sentences, issued the writ requiring respondent to make petitioner available for a parole hearing. The court also ordered the Parole Commission, a nonparty to the action,[6] either to afford petitioner a parole hearing the next day or to release him immediately. Respondent did not request the court to stay its dispositive order pending an appeal to this court; nor did the Parole Commission move the court for leave to intervene in the case, so that it might challenge the court's interpretation of the applicable sentencing statutes and the court's authority to order it, as a nonparty, to grant petitioner a hearing on November 30, or to parole him. Instead, respondent and the Commission voluntarily complied with the terms of the writ. Petitioner received a parole hearing on November 30, and the Commission ordered his release on parole on January 4, 1985, after ten months of imprisonment. Petitioner's parole term expired shortly after we heard the argument in this appeal.[7]

## II.

■ We must dismiss this appeal because the case is moot. Respondent seeks a declaration from this court that he did not have to provide petitioner access to a parole hearing and asks us to vacate the district court's dispositive order. A favorable ruling, however, would do nothing more than answer a hypothetical question and perhaps provide guidance in future cases. It would not restore respondent to the status quo ante, thus enabling him to maintain petitioner in custody until the consecutive terms of incarceration prescribed by his sentences expired, because respondent, by releasing petitioner from custody, has voluntarily changed that status.

---

5. The evidentiary hearing was conducted by a magistrate pursuant to the district court's reference. A transcript of the evidentiary hearing is not in the record before us. We assume that the evidence adduced at the hearing did not differ materially from the facts presented above.

6. The Parole Commission was not named as a party respondent in the petition for writ of habeas corpus, and the Commission was never joined as a party. Given the relief petitioner requested, i.e., a parole hearing, we believe that the Parole Commission should have been joined as a party. See Fed.R.Civ.P. 19. Respondent, however, failed to raise the point in a motion for dismissal or in his answer to the petition, see Fed.R.Civ.P. 12(b); therefore, it appears that the point has been waived.

7. The record does not indicate whether petitioner is now on probation pursuant to his count two sentence.

It is well settled that voluntary compliance with an injunctive order, which the writ amounts to here, moots an appeal therefrom if the appellate court can grant the complying appellant no relief.[8] *See Newman v. Alabama*, 683 F.2d 1312, 1317 (11th Cir.1982) (compliance with district court order releasing 400 prisoners moots the appeal from that order), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 346 (1983); *United States v. First State Bank*, 626 F.2d 1227, 1227 (5th Cir.1980) (compliance with district court order enforcing IRS summons moots appeal), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981);[9] *Southern Bell Telephone & Telegraph Co. v. United States*, 541 F.2d 1151, 1154 (5th Cir.1976) (compliance with district court order requiring installation of a "pen register" moots appeal).

Respondent could have kept this controversy alive and thus received appellate review of the district court's dispositive order in two ways. First, he could have obtained a stay of the order from the district court or, if denied, from this court, and if a stay issued, he could have obtained the judicial review he now seeks. *See Newman v. Alabama*, 683 F.2d at 1317. Second, and alternatively, respondent could have refused to comply with the district court's injunctive order, undergone a contempt adjudication, and challenged the validity of the injunctive order in an appeal from the contempt adjudication. *See United States v. Kis*, 658 F.2d 526, 534 (7th Cir.1981) ("a contempt citation may ... be the only means of gaining review when a question

would otherwise become moot"), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). Respondent chose not to pursue either alternative and thereby lost his opportunity to obtain appellate review of the district court's injunctive order. Accordingly, this appeal is dismissed as moot.[10]

DISMISSED.

**8.** An exception to the mootness doctrine occurs when an issue is "capable of repetition, yet evading review." *See Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). This exception applies only when it is likely the same situation will recur affecting the same parties. *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam). In the instant case, it is extremely unlikely that the same issue will arise again between petitioner and respondent. Thus, we conclude that no exception to the mootness doctrine exists in this case.

**9.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**10.** In dismissing this appeal, we do not foreclose the right of the sentencing court, in the exercise of its power to enforce the judgment in petitioner's case, to order the Attorney General, to whom that court committed petitioner's custody under the two sentences imposed, to show cause why he failed to carry out the mandate of those sentences by holding petitioner in custody for seventeen months and twenty-nine days.