**UNITED STATES of America ex rel. Irving Mayor KLEIN, Appellant,**

v.

**Frank F. KENTON, Warden, Federal Correctional Institution, Danbury Connecticut, Appellee.**

**No. 234, Docket 28507.**

United States Court of Appeals Second Circuit.

Submitted Jan. 8, 1964.

Decided Jan. 10, 1964.

Irving Mayor Klein, pro se, for appellant.

Robert C. Zampano, U. S. Atty., for the District of Connecticut, New Haven, Conn., and Anthony G. Apicella, Asst. U. S. Atty., for appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

On December 16, 1957, relator was sentenced and committed to three consecutive two-year terms by the United States District Court for the Eastern District of Arkansas. As a result of his accumulation of 576 days "good time," 18 U.S.C. § 4161, and 90 days "meritorious" time, 18 U.S.C. § 4162, he was released subject to supervision on February 17, 1962. On April 2, 1963, he was recommitted to prison as a parole violator. Subsequently, relator filed an "application for writ of mandamus" in the United States District Court for the District of Connecticut, claiming that he was not on parole status or subject to supervision at the time he was recommitted. Treating the application as for a writ of habeas corpus, Chief Judge Anderson denied relief.

Relator's contentions are without merit. The language of 18 U.S.C. § 4164 is clear that "a prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole  *  *  *." To avoid the clear meaning of the statute, relator attempts to treat his three consecutive terms individually, rather than in the aggregate, and to compute his "good time" allowance accordingly. The stat-

**230**

ute is clear that this is not the proper procedure. 18 U.S.C. § 4161. Similarly, relator argues that his first term "ended" at the completion of two years less "good time" thus far accumulated, and that he commenced to serve his second term at this point; he contends, in effect, that he "elected" to spend the time deducted from his first sentence behind prison walls. While the argument is ingenious, we find such an "election" clearly violative of the statutory scheme. Thus in Brown v. Kearney, 302 F.2d 22 (5th Cir. 1962), a similar contention was found "completely repugnant to the basic concept and philosophy of the mandatory release, which is the effectuation of an actual end to imprisonment, conditioned on good conduct during the parole period." There, as here, under relator's theory, "he would be subject to supervision as a parolee and as a prisoner at the same time."

The judgment is affirmed.