**Harold G. HOOVER, Appellant,**

**v.**

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, et al., Appellee.**

**No. 7681.**

United States Court of Appeals
Tenth Circuit.

June 29, 1964.

* T. C. Memo 1963–269.

Robert B. Milsten, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying petitioner's application for a writ of habeas corpus. After conviction upon two counts of Dyer Act violation petitioner was sentenced to consecutive terms of five and three years. With 1056 days yet unserved upon an aggregate eight-year sentence, petitioner was released upon mandatory release. After a brief period of liberty, petitioner violated the terms of his release and was returned to restraint and transferred to the United States Penitentiary, Leavenworth, Kansas. His good-time allowance was revoked in its entirety.

Although conceding that allowance for good time should be computed upon the aggregate of consecutive sentences, 18 U.S.C.A. § 4161, petitioner asserts that the burden of forfeited good time, 18 U.S.C.A. § 4165, cannot be similarly imposed and that where, as here, one of several consecutive sentences has been completely served in time before forfeiture the sentence can no longer be considered in the aggregate for such purpose. We find no merit to the contention and hold that the consecutive sentences should be aggregated both for computation of good time and for its forfeiture. Grant v. Hunter, 10 Cir., 166 F.2d 673; Gibson v. Looney, 10 Cir., 258 F.2d 879; United States ex rel. Klein v. Kenton, 2 Cir., 327 F.2d 229.

The appeal being otherwise without merit, the judgment is affirmed.