Quitman STRICKLAND, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7890.

United States Court of Appeals
Tenth Circuit.

Jan. 4, 1965.

Jon Lee Prather and Rex K. Travis, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was convicted by a jury of an attempted escape from the United States Penitentiary at Leavenworth, Kansas, in violation of 18 U.S.C.A. § 751, and has taken this appeal.

Appellant urges that there was a failure on the part of the Government to prove one of the elements of the offense charged. He asserts that the elements of the crime are three; the first being that the accused was convicted, second that he was at the time of the attempt to escape confined by virtue of such conviction, and third that in fact there was an attempt to escape. Appellant urges that there was no proof of the second element of the offense.

The record shows that on this subject of confinement by virtue of a conviction, the Government introduced a "Judgment and Commitment" pertaining to appellant entered by the United States District Court for the Southern District of Georgia. This showed that he was committed on September 19, 1961, to the custody of the Attorney General or his authorized representative for a period of five years. The record contains no further proof of the fact or place of confinement by virtue of this commitment. There was no return endorsed on the "Judgment and Commitment," nor other showing of a delivery of the prisoner. The proof did show appellant was in fact a prisoner at the penitentiary at Leavenworth, and the Government, apparently to bridge the gap, asked the court to take "judicial notice of the fact that the penitentiary at Leavenworth was an institution where persons convicted of crimes under the laws of the United States are confined by direction of the Attorney General." Thus on the point under consideration, the record shows no more than the fact that the appellant was convicted, sentenced to the custody of the Attorney General, and that he was confined at Leavenworth Prison at the time that the offense took place. We do not feel that this is sufficient proof of all the statutory elements of the offense charged.

The act, 18 U.S.C.A. § 751, clearly provides that the offense is an escape or an attempted escape from an institution in which the person charged is confined by direction of the Attorney General, and requires the confinement to be by virtue of a conviction. The indictment of appellant charges that he attempted to escape from an institution in which he was confined by direction of the Attorney General by virtue of conviction for offenses against the United States.

The court in Mullican v. United States, 252 F.2d 398 (5th Cir.), held that upon the failure of certain exhibits which purported to show the transfer of the accused from other institutions to the one from which he escaped, there was an absence of proof that the confinement was pursuant to the conviction which was otherwise shown. In the case of Hardwick v. United States, 296 F.2d 24 (9th Cir.), a contention similar to the one here made by appellant was considered. The proof there included, in addition to the judgment and commitment, a return by the marshal showing that he had delivered the appellant in the cited case to the warden of the institution from which it was charged that he had escaped, and also a teletype message designating the prison as the place in which the escapee was to be confined. The court there held that there was sufficient proof to establish confinement pursuant to the judgment. In the case at hand, however, we have no such return or other similar proof showing the designation of Leavenworth as the place of confinement of the appellant, or of showing a delivery of the appellant to the prison at Leavenworth pursuant to the judgment and commitment which was admitted in evidence. We do not hold that a complete documentary trail must be laid from the original conviction to the courthouse where the escape trial is taking place, but it must be demonstrated that the accused is confined by virtue of the conviction in the prison from which he escapes or attempts to escape. This was not done, and therefore we must hold in the case at bar that the Government failed to prove an essential element of the offense.

This error is a fundamental one which may be noticed by the court, despite the fact that appellant failed to raise the issue properly in the trial court. Rule 52(b), Fed.R.Crim.P. Where an error is so fundamental as to not submit to the jury an element of the offense, Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330, or where conviction was had without proof of one of the elements, it is necessary that the appellate court take notice although not properly raised at trial. McMurray v. United States, 298 F.2d 619 (10th Cir.); Burns v. United States, 286 F.2d 152 (10th Cir.).

Reversed.