**Fentriss Milton LAWS, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 9636.

United States Court of Appeals
Tenth Circuit.

Dec. 8, 1967.

Frank M. Rice, Topeka, Kan., for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on brief), for appellee.

Before WOODBURY,* LEWIS and HICKEY, Circuit Judges.

PER CURIAM.

Appellant was convicted of escaping from the Kansas Honor Farm of the United States Penitentiary at Leavenworth, Kansas, in violation of 18 U.S.C. § 751.

Under 18 U.S.C. § 751, "the offense is an escape or an attempted escape from an institution in which the person charged is confined by direction of the Attorney General, and requires the confinement to be by virtue of a conviction." Strickland v. United States, 339 F.2d 866, 867 (10th Cir. 1965). To prove the conviction, sentence and commitment of appellant in the first instance, the government introduced an exemplified copy of a judgment and commitment in the United States District Court for the Southern District of California, Central

---

* Senior Circuit Judge of the First Circuit, sitting by designation.

Division. The judgment and commitment showed the conviction and sentence of appellant for the offense of bank robbery and attempted bank robbery and his sentence to the custody of the Attorney General for imprisonment for a period of twenty years. The Marshal's return on the document showed the appellant was transferred to McNeil Island, Washington. By additional evidence the government showed the subsequent transfers which resulted in appellant being confined to Leavenworth, from where he escaped. Strickland v. United States, supra; Mullican v. United States, 252 F.2d 398, 70 A.L.R.2d 1217 (5th Cir. 1958).

 Relying upon the facts above stated, appellant contends that the proof of conviction required under the rule above stated was not satisfied because the authenticated copy offered to prove the conviction, sentence and confinement was authenticated by the Deputy Clerk rather than the Clerk of the District Court in whose custody the instruments had been preserved. Fed.R.Civ.P. 44, made applicable in criminal cases by Fed. R.Crim.P. 27, provides that "An official record [judgment, sentence, commitment] * * * when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody." Fed.R. Crim.P. 55 makes it clear that the Clerk of the District Court shall keep the records in criminal proceedings and it is apparent that the legal custody of the records herein questioned was properly in the office of the Clerk of the District Court. The certificate of the District Judge so certified as is provided in Rule 44. The Deputy Clerk attested this copy as is specifically provided in Rule 44. Therefore, the questioned documents were properly authenticated, accompanied by the appropriate certificate, and admissible in evidence.

Appellant further contends that he was justified in escaping because the judg-

ment, commitment and sentence were invalid and he was unlawfully imprisoned. The trial court denied this doctrine of justification as a defense in appellant's trial for escape.

This court has said that a sentence imposed for a violation of 18 U.S.C. § 751 is "not affected by the validity of the sentences being served at the time of the escape." Crawford v. Taylor, 290 F.2d 197, 198 (10th Cir. 1961). Appellant recognizes that many other courts have adopted the same view. Mullican v. United States, supra, 252 F.2d at 403; Lopez v. Swope, 205 F.2d 8, 10–11 (9th Cir. 1953); Godwin v. United States, 185 F.2d 411, 413 (8th Cir. 1950); United States v. Jerome, 130 F.2d 514, 518 (2nd Cir. 1952), rev'd on other grounds, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943).

Affirmed.