**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Earl Emerson FRANKLIN, Defendant-Appellant.**

**Earl Emerson FRANKLIN, Petitioner-Appellant,**

v.

**P. G. SMITH, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.**

**Nos. 18563, 18564.**

United States Court of Appeals,
Seventh Circuit.

April 13, 1971.

James L. Crawford, Terre Haute, Ind., for appellant.

Stanley B. Miller, U. S. Atty., Charles A. Scruggs, Asst. U. S. Atty., Indianapolis, Ind., for appellees.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and KERNER, Circuit Judge.

KNOCH, Senior Circuit Judge.

In Appeal No. 18563, defendant-appellant, Earl Emerson Franklin, appeals from conviction and sentence of six months, after a bench trial (jury having been waived) on a plea of not guilty to a charge by indictment of unlawful escape in violation of Title 18 U.S.C. § 751(a) from custody after conviction of an offense against the United States (violation of Title 18 U.S.C. § 2312).

In Appeal No. 18564, petitioner-appellant, Earl Emerson Franklin, appealed from denial of his petition for writ of habeas corpus, 313 F.Supp. 43. That appeal has become moot. At the time of oral argument this Court was advised that petitioner-appellant had been released from custody.

The facts are undisputed. Briefly they are as follows. On May 25, 1956, in the United States District Court for the Northern District of Oklahoma, upon his plea of guilty to two violations of Title 18 U.S.C. § 2312, defendant was sentenced to the custody of the Attorney General or his authorized representative for a period of five years in Criminal Case No. 12806 and three years in Criminal Case No. 12817, to be served consecutively.

Defendant was continuously confined from May 25, 1956 until April 14, 1959. On April 15, 1959, he was released on parole, but returned as a parole violator on April 25, 1963 until July 28, 1965, when he was again released on parole. He was again returned as a parole violator on April 1, 1968.

It is defendant's position that he had already served the 5-year sentence prior to the issuance of the first parole violator warrant on June 14, 1961, under which he was returned to prison in April 1963. He argues that he, therefore, could be validly confined only for the unexpired remainder of the 3-year sentence. Thus when the second parole violator warrant was issued on October 26, 1967 (and executed April 1, 1968) that warrant was invalid because both of his consecutive sentences had been completed. He reasons that he was, therefore, not in lawful custody and hence not guilty of violating Title 18 U.S.C. § 751(a).

Defendant concedes that the Parole Board has the authority to aggregate consecutive sentences for the purpose of parole revocation and that it had the power to revoke his parole subsequent to the expiration of his first consecutive sentence, within the maximum terms of his two consecutive sentences. He contends, however, that it was improper to require him to re-serve that portion of his first consecutive sentence already served, while on parole, at the time of the revocation of the parole, which occurred subsequent to the expiration of that first consecutive sentence.

The defendant seeks also to distinguish his case from those in which confinement is alleged to be illegal because of some irregularity or error in the conviction or sentence, where he evidently agrees that a prisoner may not test the legality of his conviction by mere informal departure instead of pursuing the legal remedies provided by statute.

He insists that his case is different because the illegality of his confinement is alleged to arise from the fact of his sentences' expiration.

He contends that as interpreted and applied in his specific case, Title 18 U.

S.C. § 751(a) is unconstitutional. He sees a similar constitutional bar to the requirement by the Parole Board, exercising its powers under Title 18 U.S.C. § 4205, that he re-serve an expired term already completed while on parole.

A prisoner is released on parole only on his agreement to certain conditions. (Defendant was paroled on the basis of an aggregate sentence of eight years.) He remains on parole until the expiration of the maximum terms for which he was sentenced. Title 18 U.S.C. § 4164. He is subject to serve the balance of the unexpired aggregated terms if he violates his parole at any time during that aggregated period. Analogies can be drawn from cases dealing with computation and forfeiture of "good time" on consecutive sentences. See Hoover v. Taylor, 10 Cir., 1964, 334 F.2d 281; Grant v. Hunter, 10 Cir., 1948, 166 F.2d 673; Gibson v. Looney, 10 Cir., 1958, 258 F.2d 879; United States ex rel. Klein v. Kenton, 2 Cir., 1964, 327 F.2d 229.

Defendant sees a violation of due process by way of a trap for the unwary prisoner who accepts parole without understanding that his first sentence may be "extended". In oral argument, the government noted that defendant must have understood the terms on which he was granted parole as he never questioned them when twice returned for parole violation, raising the point only when charged with escape.

We see no constitutional impediment to conditioning release on parole in this manner.

Title 18 U.S.C. § 751(a) makes it an offense to escape from the custody of the Attorney General or his authorized representative or from any institution in which the escaper is confined by direction of the Attorney General, if the custody or confinement is by virtue of an arrest on a charge of felony or conviction of any offense. Defendant was confined in an institution by direction of the Attorney General, unlike the accused in Strickland v. United States, 10 Cir., 1965, 339 F.2d 866, on which defendant relies. There was no return endorsed on the "Judgment and Commitment" or any other showing of a delivery of the prisoner in *Strickland*. To bridge the gap, the government sought to have judicial notice taken of the fact that Leavenworth penitentiary, from which the accused had escaped, was an institution where persons convicted of crimes were confined at the direction of the Attorney General.

Similarly in Mullican v. United States, 5 Cir., 1958, 252 F.2d 398, although documentary exhibits purported to show transfer of the accused from other institutions to the one from which he escaped, there was an absence of proof that confinement was pursuant to conviction, because two documentary exhibits were held erroneously admitted into evidence as failing to meet the requirements of the rules of admissibility of properly authenticated copies or transcripts. Absent these two exhibits, the Court held (p. 403) that there was no showing that confinement was pursuant to conviction.

In *Mullican*, too, one of the escapers contended that he was committed on April 30, 1953, for three years and charged with escape on June 18, 1956, more than three years later. The Court held that the doctrine of self help was not available to a prisoner in a penal institution. See also Laws v. United States, 10 Cir., 1967, 386 F.2d 816, cert. den. 390 U.S. 1007, 88 S.Ct. 1252, 20 L. Ed.2d 107.

The object of the statute would be equally frustrated by allowing prisoners to test computation of time served by escape as by allowing them to test errors in trial by that method.

The judgment of the District Court is affirmed.

Affirmed.