Edward McCRAY, Plaintiff-Appellant,

v.

UNITED STATES BOARD OF PAROLE, Defendant-Appellee.

Edward McCRAY, Plaintiff-Appellant,

v.

UNITED STATES MARSHAL FOR the DISTRICT OF COLORADO et al., Defendants-Appellees.

Nos. 75–1977, 75–1978.

United States Court of Appeals, Tenth Circuit.

Oct. 7, 1976.

Edward McCray, pro se.

James L. Treece, U. S. Atty., David T. Fisher, Asst. U. S. Atty., Denver, Colo., for appellees.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant is a federal prisoner currently on parole from Leavenworth, Kansas. By this action he claims entitlement to time off the maximum period of his four consecutive sentences under the provisions of 18 U.S.C. § 4164. The district court denied relief and we affirm.

Edward McCray was convicted in 1963 on two counts of Mann Act violations and sentenced to five years on each count, the sentences to run consecutively. The sentences were aggregated to enable him to benefit from the maximum available good time credit, 18 U.S.C. § 4161. In September of 1971 he was convicted of escaping from the Leavenworth Honor Farm; in December of that year he was also convicted of assaulting a federal officer. Each of these latter two convictions resulted in three-year consecutive sentences, the aggregate of all these sentences being sixteen years.

Under 18 U.S.C. § 4164 a federal prisoner is considered released from the jurisdiction of the Parole Board 180 days prior to the end of the maximum term or terms for which he was committed. Appellant contends that he is entitled to 180 days off *each* of his four sentences insofar as parole supervision is *concerned*. While this argument is inventive, it misperceives both the legislative intent and the clear language of the statute.

The language in 18 U.S.C. § 4164 under which parolees are released from supervision six months prior to the expiration of their maximum sentences was added to the statute in 1951 at the behest of the Justice Department. The motive was purely economic; the United States Attorney General had determined that the cost of returning a prisoner to custody for a non-criminal parole violation was too great when the prisoner had less than six months remaining on a sentence or sentences. The Justice Department further reasoned that any parole violation which was also a serious crime would be prosecuted independently in any event. See U. S. Code Cong. and Admin. Service, 82nd Cong.; 1st Sess., 1951, Vol. 2, pp. 1544–1547.

■ Good time allowances and release of prisoners are governed by 18 U.S.C. § 4161 et seq. It is mandatory under §§ 4161 and 4165 that sentences be aggregated for both the acquiring of good time credit and the forfeiture thereof. *Hoover v. Taylor,* 334 F.2d 281 (10th Cir. 1964); *Stanford v. Taylor,* 337 F.2d 176 (10th Cir. 1964). When a prisoner, through acceptable behavior, industrial employment, and/or meritorious service, has earned sufficient time off the maximum term or terms for which he was sentenced, he is entitled to mandatory release, §§ 4161, 4162, 4164. Thereafter he is treated as though he were a parolee until the expiration of the maximum *term* or *terms* for which he was sentenced, less 180 days, § 4164. It is this latter provision that appellant claims entitles him to immediate release from parole supervision. He contends that the 180-day provision applies to each of the four consecutive sentences he is now serving. This is, however, an unsupported and clearly mistaken interpretation of § 4164.

■ It is well established that consecutive sentences are considered to be one term. *Grant v. Hunter,* 166 F.2d 673 (10th Cir. 1948). All that the final 180-day period does is to fix the term of parole, not the remainder of the maximum term of the sentence for which appellant was convicted. *Taylor v. United States Marshall for the*

*Eastern Division of Oklahoma,* 352 F.2d 232 (10th Cir. 1965). The fact that during this final six months the prisoner is no longer under supervision does not operate as a legal commutation of the term or terms for which he was sentenced. *Sprouse v. Settle,* 274 F.2d 681 (8th Cir. 1960).

■ There is no authority for the proposition that consecutive sentences "expire" independently of one another. The argument that consecutive sentences have separate mandatory release dates and that as each sentence reaches that date the next sentence begins has been made before and summarily rejected. See *Brown v. Kearney,* 302 F.2d 22 (5th Cir. 1962); and *United States ex rel. Klein v. Kenton,* 327 F.2d 229 (2nd Cir. 1964). As was succinctly opined by Judge Breitenstein in *Briest v. United States Bureau of Prisons,* 459 F.2d 284 (8th Cir. 1972):

> "When consecutive sentences are treated as a single term the prisoner benefits because he receives the maximum rate of good time credit on his sentences. He thus becomes eligible for an earlier mandatory release on parole. At the same time, however, the prisoner's parole-release date is automatically extended because the good time credit earned by the prisoner will be served as parole time after release from prison. Appellant's argument that the good time earned on his first sentence should be deemed to have run while he remained in custody on the second sentence does not accord with 18 U.S.C. § 4164. (footnotes omitted)."

■ Once having been aggregated under the mandatory provisions of § 4161, consecutive sentences are not to be subsequently de-aggregated simply because the time on one or more may have been completed. *Stanford,* supra; *Hoover,* supra; *Downey v. Taylor,* 327 F.2d 660 (10th Cir. 1964).

When this case was docketed in this court, the parties were notified that the appeal was being considered for disposition on the original record. The parties were invited to submit memoranda in support of their respective positions. Only appellant

has done so. We have thoroughly reviewed the files and are convinced that the district court correctly denied relief. Accordingly the judgment of the district court is affirmed.

The mandate shall issue forthwith.