**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frank Troy STILES, Defendant–Appellant.**

**No. 89–2180.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 19, 1992.

Decided June 4, 1992.

Andrew B. Baker, Jr., Asst. U.S. Atty. (argued), Dyer, Ind., David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., Christina McKee, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Robert C. Perry (argued), Indianapolis, Ind., for defendant-appellant.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and VAN SICKLE, Senior District Judge.*

CUMMINGS, Circuit Judge.

A jury convicted Frank Troy Stiles of escape from the Attorney General's custody in violation of 18 U.S.C. § 751(a). The trial judge sentenced Stiles to thirty months' imprisonment to run consecutive to the federal sentence he was serving at the time of escape. Stiles' sentence also entails an additional one-year period of community release which includes three months in a community treatment center.

On appeal, Stiles argues that his conviction should be overturned because there was a fatal variance between the criminal conduct alleged in the indictment and the criminal conduct proved at trial. In particular, Stiles argues that although the indictment against him charged that he had been previously committed to the Attorney General's custody on December 29, 1983, that fact was not proved at trial.

This Court discussed 18 U.S.C. § 751(a) at length in *United States v. Richardson*, 687 F.2d 952 (7th Cir.1982). In that case after an extensive examination of the history and construction of § 751(a), we held that the essential elements of a § 751(a) violation are: 1) that the defendant was either a) in the custody of the Attorney General or his or her authorized representative, or b) confined in any institution or facility at the direction of the Attorney General, or c) in custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or d) in the custody of an officer or employee of the United States pursuant to

* The Honorable Bruce M. Van Sickle, Senior District Judge for the District of North Dakota, is sitting by designation.

lawful arrest; and 2) that the defendant was in such custody or confinement by virtue of a) an arrest or charge of felony, b) conviction of any offense, c) custody or confinement for extradition,[1] d) an arrest for a misdemeanor, or e) a charge of a misdemeanor; and 3) that the defendant escaped or attempted to escape from such custody or confinement.

Stiles concedes that the government has proven the first and third elements, namely, that he was confined in the Adams County work release program at the direction of the Attorney General and that he escaped from that custody. However, Stiles challenges the government's proof of the second element—that he was confined by virtue of a 1983 conviction. Stiles does not allege that at the time of his escape from custody on November 21, 1988, he was not confined pursuant to a lawful conviction. Instead, he alleges that the evidence adduced at trial was not sufficient to prove that his confinement was pursuant to the 1983 conviction alleged in the indictment. Stiles bases his claim on the government's failure to submit a copy of Stiles' original 1983 conviction into evidence.

Given Stiles' claims, there are two questions before us. Did the government offer proof at trial from which the jury could have concluded that Stiles' confinement was by virtue of a 1983 conviction such that there was no variance between the facts alleged in the indictment and the facts proved at trial? Or if not, did the variance substantially prejudice Stiles such that the variance was fatal to the government's case against him?

The government presented three pieces of evidence which suggest that Stiles' confinement was by virtue of a 1983 conviction. First, the government presented a January 19, 1988, court order which states that Stiles had violated the conditions of his probation, that his probation was being revoked, and that he was to be committed to the Attorney General's custody "for incarceration for a period of two years *based on Count I of the original indictment.*" (em-

phasis added). The order bears the Cause Number FCR 83–00017–04. Second, the government introduced a November 3, 1988, judicial transfer order authorizing Stiles' transfer from the prison in Terre Haute, Indiana, to the Adams County Work Release Program. Finally, the government presented the testimony of Deputy United States Marshal Arthur V. Lester, Jr. He testified that Stiles was taken into custody on December 29, 1983, pursuant to a judicial commitment.

The district court ruled that based on this evidence "the jury could conclude that the defendant was in custody pursuant to the January 19, 1988, order based on a probation violation stemming from the original commitment in December 29, 1983." We agree that the evidence presented at trial, particularly the probation revocation, was sufficient to demonstrate that Stiles was in custody pursuant to a 1983 conviction at the time he escaped.

Stiles' allegation that the evidence presented at trial proves that he was in custody because of probation revocation, not because of a 1983 conviction, and therefore that a variance exists, is devoid of merit. This Court has stated that "[a] variance arises when the facts presented by the government at trial differ from those alleged in the indictment." *United States v. Townsend,* 924 F.2d 1385, 1389 n. 1 (7th Cir.1991). Proving that Stiles was in custody by virtue of a valid revocation of probation from a 1983 conviction does not differ from proving that he was in custody by virtue of the original conviction.

Even if we agreed with the holding in *Strickland v. United States,* 339 F.2d 866, 868 (10th Cir.1965), that case would not require a different result here. In *Strickland,* although the government presented evidence that the defendant was sentenced to the custody of the Attorney General, it did not present documentation that the defendant was confined at the direction of the Attorney General to the institution from which he allegedly escaped. In this case, the government has submitted a judicial

---

**1.** Since *Richardson,* Section 751(a) has been amended also to include confinement or custo-

dy "for exclusion or expulsion proceedings under the immigration laws."

transfer order specifically directing that Stiles be transferred to the Adams County work release program. To similar effect, see *United States v. Franklin*, 440 F.2d 1210 (7th Cir.1971).

In *United States v. McKinney*, 954 F.2d 471 (7th Cir.1992), this Court held that where a date is not an element of the crime charged, a variance between the date charged and the date proven does not require reversal. This is consistent with Federal Rule of Criminal Procedure 52(a) which states that a variance "which does not affect substantial rights shall be disregarded." However, we need not determine whether a variance in the date of conviction alleged in the indictment and that proved at trial could substantially prejudice a defendant such that the variance would prove fatal. The defendant here has not shown a variance which would warrant such discussion.

Because there was no variance between the indictment and the offense proved at trial, the judgment of the district court is affirmed.