4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie GRAHAM, Defendant-Appellant.
 No. 92-5748.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 16, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the Eastern District of Virginia, at Alexandria, No. CR-92-208-A; Claude M. Hilton, District Judge.
 Gerald F. Weigle, Fairfax, VA, for defendant-appellant.
 Kenneth E. Melson, U.S. Atty., Evangelina M. Almirantearena, Sp. Asst. U.S. Atty., Alexandria, VA, for plaintiff-appellee.
 E.D.Va.
 AFFIRMED.
 OPINION
 PER CURIAM:
 
 
 1
 Willie Graham appeals from his conviction for escape from the custody of the Attorney General, in violation of 18 U.S.C. Sec. 751(a) (1988). Finding no error, we affirm.
 
 
 2
 Graham, committed to the custody of the Attorney General in July 1990 for attempted distribution of cocaine and incarcerated at the Lorton Correctional Facility, was permitted to leave the Lorton facility under a work release furlough assigning him to work at Disadvantaged Workers of America, in Alexandria, Virginia. On March 27, 1992, Graham was picked up at Lorton by Officer Nora Talley and transported to work. However, Graham neither reported for his 1:30 p.m. work assignment that day, nor returned to Lorton that evening. Graham was apprehended in New York City on May 6, 1992. Upon his conviction for escape, Graham was sentenced to thirty-three months imprisonment and three years supervised release.
 
 
 3
 Graham's first contention, ineffective assistance of counsel, is premature in this direct appeal and should be reserved for subsequent proceedings under 28 U.S.C. Sec. 2255 (1988). United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 4
 Graham next contends that the combination of the prison term, thirty-three months, and the term of supervised release, three years, improperly exceeds the five year statutory maximum penalty permitted under Sec. 751(a). However, "18 U.S.C. Sec. 3583(a) (1988) ... authorizes a term of supervised release in addition to a maximum term of imprisonment." United States v. Montenegro-Rojo, 908 F.2d 425, 431-32 (9th Cir.1990); see also United States v. Jamison, 934 F.2d 371, 373 (D.C.Cir.1991) ("Congress provided in the supervised release statute that such release is to be imposed in addition to any authorized term of imprisonment, not by conversion of a portion thereof."). The maximum penalty set forth in Sec. 751(a) applies only to the term of imprisonment that may be imposed. The district court was required to impose some subsequent period of supervised release ranging from two to three years. See 18 U.S.C.A. Sec. 3583(b)(2) (West Supp.1993); United States Sentencing Commission, Guidelines Manual, Secs. 5D1.1(a), 5D1.2(b)(2) (Nov. 1992). Hence, there is no merit to Graham's argument that his sentence exceeded the statutory maximum penalty.
 
 
 5
 According to Graham, the evidence presented at trial was insufficient to establish that he escaped from a place of confinement. However, Graham was indicted for another prohibited act under Sec. 751(a), escape from the custody of the Attorney General or his authorized representative. United States v. Minger, 976 F.2d 185, 188 n. 4 (4th Cir.1992). "Custody" does not require direct physical restraint. United States v. Keller, 912 F.2d 1058, 1059 (9th Cir.1990), cert. denied, 498 U.S. 1095 (1991). A federal prisoner who fails to return to his place of incarceration from a work release assignment can be convicted of escape. 18 U.S.C. Sec. 4082 (1988); see United States v. Stiles, 965 F.2d 353, 354 (7th Cir.1992); United States v. Hollen, 393 F.2d 479 (4th Cir.1968). Taking the evidence presented in the light most favorable to the Government, we find any reasonable trier of fact could have found Graham guilty beyond a reasonable doubt of escaping from the custody of the Attorney General. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 6
 Graham contends that the district court erred in permitting Lieutenant Brummell of the District of Columbia Department of Corrections to testify about the date and location of Graham's ultimate apprehension from a group of documents, known as an apprehension package, that was neither admitted into evidence nor prepared by or in the presence of Brummell. However, Graham fails to allege any resulting prejudice or infringement of a substantial right. Fed.R.Evid. 103(a). We find that the admission of this testimony constituted an appropriate exercise of the court's discretion. See United States v. Bailey, 990 F.2d 119, 122 (4th Cir.1993); see also United States v. Russell, 971 F.2d 1098, 1104 (4th Cir.1992) (district court's evidentiary rulings entitled to substantial deference on appeal), cert. denied, 61 U.S.L.W. 3479 (U.S.1993).
 
 
 7
 Finally, Graham contends that the district court erred in denying his motion for disclosure of notes taken by assistant United States Attorneys during pre-trial interviews with Talley and Brummell. Although 18 U.S.C. Sec. 3500 (1988) (the "Jencks Act") requires the disclosure of prior statements by Government witnesses concerning matters covered by direct examination, United States v. Snow, 537 F.2d 1166, 1168 (4th Cir.1976), Jencks Act violations resulting in no prejudice to the defendant constitute harmless error. United States v. Schell, 775 F.2d 559, 567 (4th Cir.1985), cert. denied, 475 U.S. 1098 (1986). Assuming arguendo that these interviews notes actually constituted discoverable "statements" under Sec. 3500(e), Graham has failed to demonstrate, and our review of the record has not revealed, any resulting prejudice. Hence, any error in the denial of Graham's motion for disclosure was harmless.
 
 
 8
 For the reasons stated herein, we affirm Graham's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.