UNITED STATES of America, Plaintiff-Appellee,

v.

Raymundo RODRIGUEZ-FERNANDEZ, Defendant-Appellant.

No. 99-15014.

United States Court of Appeals,

Eleventh Circuit.

Nov. 29, 2000.

Appeal from the United States District Court for the Southern District of Florida.(No. 99-00175-CR-UUB), Ursula Ungaro-Benages, Judge.

Before TJOFLAT, HILL and POLITZ[*], Circuit Judges.

POLITZ, Circuit Judge:

Raymundo Rodriguez-Fernandez appeals his conviction by a jury of escape in violation of 18 U.S.C. § 751(a). Finding that the prosecution failed to prove an element of the charged offense, we reverse.

BACKGROUND

On November 11, 1997, an Immigration Judge ordered Rodriguez-Fernandez excluded from the United States for violation of U.S. immigration laws, specifically, 8 U.S.C. § 1182(a)(2)(B), conviction of multiple criminal offenses for which the aggregated sentences total five years or more; and § 1182(a)(2)(C), being a known controlled substance trafficker. He was in state custody when the order was issued and was not then turned over to the Immigration and Naturalization Service for exclusion. On October 11, 1998, he was released from the state facility and transferred to the Broward County Sheriff's Office which had filed a detention request.[1] Finally, on December 11, 1998, he was taken by INS officers from the Broward County Sheriff's Office to the Krome Detention Center, an INS facility outside of Miami, Florida.

On the morning of January 21, 1999, Rodriguez-Fernandez and another detainee hid from Krome officers while being escorted to breakfast, cut holes in the security fences surrounding the facility, and fled the area. On March 9, 1999, Miami Police Department officers, along with two federal agents, located and arrested Rodriguez-Fernandez. He was subsequently indicted for knowingly and willfully escaping the

---

[*]Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

[1]Unlike writs of habeas corpus ad prosequendum, which demand that a prisoner be immediately produced to face criminal charges, detainers merely request that authorities seeking to prosecute the individual be notified when the authority having custody is about to release the subject. In addition to the Broward County Sheriff's Office, the INS had also placed a detainer on Rodriguez-Fernandez.

Krome detention facility, in violation of 18 U.S.C. § 751(a).

In sidebar discussions during trial, defense counsel challenged the sufficiency of the evidence that defendant was being held at Krome either at the direction of the Attorney General or for exclusion proceedings. Counsel also sought permission from the court to argue that the time for the removal of defendant from the country had expired; therefore, he must have been held at Krome for some reason other than exclusion proceedings.[2] The prosecution acknowledged that no order, directive, or other document specified that Rodriguez-Fernandez be held at Krome, or anywhere else, pending exclusion from the United States. The trial court obviously was troubled by this admission, and directed the prosecutor to further research the authority for defendant's detention.

In a supplemental pleading the United States Attorney asserted that the Order of Removal and the Notice to Appear, issued by the Immigration Judge and listing the reasons defendant was subject to exclusion, when considered in conjunction with 8 U.S.C. § 1231(a)(2), served, by operation of law, to mandate his detention at Krome.[3] The prosecution further relied upon INS Officer John Morales, who testified that he reviewed Rodriguez-Fernandez's file, which included the Order of Removal and the Notice to Appear and, based upon his training and experience, he determined that detention of Rodriguez-Fernandez was required by the statute.[4]

The trial court accepted the Government's position as sufficient to establish that Rodriguez-Fernandez was being held at Krome at the direction of the Attorney General for exclusion from the United States. The court repeatedly rejected defense counsel's request to question Morales regarding the continued detention even though, by defense counsel's calculation, the 90 days authorized by the statute had expired. The court

---

[2]Title 8 U.S.C. § 1231(a)(1)(A) states "Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the removal period)." During the trial there was conflicting testimony about when the 90 day clock starts. Because we find the prosecution did not establish an element of the offense, we need not resolve that conflict.

[3]Title 8 U.S.C. § 1231(a)(2) states, "During the removal period the Attorney General shall detain the alien. Under no circumstances during the removal period shall the Attorney General release an alien who has been found inadmissible under section 212(a)(2) or 212(a)(3)(B) [8 U.S.C. § 1182(a)(2) or (a)(3)(B) ]."

[4]Morales is a United States Immigration Officer whose duties include processing aliens who have received final orders of deportation, or who have been ordered excluded from admission. He was the officer assigned to process Rodriguez-Fernandez after he was brought to Krome from the Broward County Sheriff's Office.

also refused to allow counsel to argue to the jury that, because the 90 days had expired, defendant must have been detained for some reason other than exclusion proceedings. According to the court, this line of questioning would essentially be impermissibly challenging the lawfulness of his continued detention, or postulating propositions the evidence did not support and that Rodriguez-Fernandez had no good faith basis for offering.

After the Government rested its case-in-chief, defendant moved for a judgment of acquittal, asserting that the prosecution had not established that he was confined at Krome at the direction of the Attorney General for exclusion proceedings. Accepting the contentions put forth by the prosecution in its supplemental pleading, the trial court denied the motion. After the close of the evidence Rodriguez-Fernandez again moved for a judgment of acquittal, once again based upon the contention that the prosecutor had not established the necessary elements of the offense charged. That motion also was denied, and the jury subsequently found Rodriguez-Fernandez guilty of escape. He timely appealed.

ANALYSIS

Where the challenge to a criminal conviction is sufficiency of the evidence, review is *de novo,* viewing the evidence in a light most favorable to the prosecution.[5]

[1] Title 18 U.S.C. § 751(a) states, in relevant part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, ... if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, ... be fined under this title or imprisoned not more than one year, or both.

To legally prove Rodriguez-Fernandez guilty of the criminal offense of escape, the prosecutor had to establish all three elements of the offense, specifically, that he: (1) was confined at Krome at the direction of the Attorney General; (2) for exclusion proceedings; and (3) escaped that confinement.[6]

___

[5]*United States v. Futrell,* 209 F.3d 1286 (11th Cir.2000).

[6]*See, e.g., United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); *United States v. Spletzer,* 535 F.2d 950 (5th Cir.1976). The first element, pertaining to custody or confinement, normally can be established by demonstrating that a subject was (1) in the custody of the Attorney General or her authorized representative; (2) confined in an institution by direction of the Attorney General; (3) in custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate; or (4) in the custody of an officer or employee of the United States pursuant to a lawful arrest. *United States v. Evans,* 159 F.3d 908 (4th Cir.1998). *Accord United States v. Depew,* 977 F.2d 1412 (10th Cir.1992); *United States v. Stiles,* 965 F.2d 353 (7th Cir.1992); *United States v. Howard,* 654 F.2d 522 (8th Cir.1981). Rodriguez-Fernandez was indicted for escape from "a

Neither the Order of Removal nor the Notice to Appear stated that Rodriguez-Fernandez should be detained, at Krome or elsewhere. The sole prosecution evidence regarding the basis for his detention was the testimony of Officer Morales that he had reviewed defendant's file, including the Order of Removal and the Notice to Appear, and, based upon his experience and his knowledge of § 1231(a)(2), he determined that the defendant must be detained at Krome. No order, directive, or document from the Attorney General, or her authorized representative, however, directed INS Officer Morales, or any other authority, to detain Rodriguez-Fernandez.

The trial court called the lack of any such order "inconceivable." We agree, and we find the prosecutor's contention that detention was required by operation of law unpersuasive. In an exclusion proceeding the due process rights of the detainee are what Congress ordains.[7] "That is not to say, however, that the unadmitted alien is not entitled to the process which is afforded such by statute or regulation."[8] Even if Rodriguez-Fernandez had no constitutional due process right to be advised of the basis, terms and conditions of his detention, the statute requires that, for him to be guilty of escape, he must have been in custody or confinement under certain, specified conditions. At a minimum, where the defendant was not under custodial arrest, was not in the custody of the Attorney General or her authorized representative, and was not subject to any judicial process ordering confinement, the statute requires some affirmative confinement order by the Attorney General or her authorized representative, one that is documented and capable of review and confirmation.

The Government presented no such evidence in this case, but instead relied solely upon the testimony of Officer Morales that, in his judgment, the law required that Rodriguez-Fernandez be detained at Krome. There is no authority for the proposition that the experience and judgment of a detention officer alone, in a case as is here presented, satisfies the statutory requirements. No circuit court has so concluded. Nor do we.

facility in which he was confined by direction of the Attorney General of the United States." The indictment did not allege that he was in the custody of the Attorney General or her authorized representative, that any court order or other judicial process directed that he be detained, or that he was in custody contemporaneous to a lawful arrest.

[7]Unlike the deportation of a previously admitted alien, someone seeking admission but deemed excludable has no constitutional right to due process. "Whatever the procedure authorized by Congress is, it is the due process as far as an alien denied entry is concerned." *Shaughnessy v. Mezei,* 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953).

[8]*Avila v. Rivkind,* 724 F.Supp. 945 (S.D.Fla.1989)(examining the distinctions between exclusion and deportation, and the due process afforded those facing each).

Accordingly, viewing the evidence in the light most favorable to the prosecution, we cannot but conclude that the prosecutor failed to offer evidence establishing the first element of the offense charged. We need not consider the adequacy of proof of the other two elements.

For these reasons, the conviction of Rodriguez-Fernandez is REVERSED.