ALD-140                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4332
_____

VIRGIL HALL,
Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:13-cv-00217)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 6, 2014

Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: February 18, 2014)
_____

OPINION
_____

PER CURIAM

        Federal prisoner Virgil Hall appeals pro se from the denial of his habeas petition

filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will summarily

1

affirm.

I.

In 2011, the United States District Court for the District of Utah ("the sentencing court") sentenced Hall to 120 months' imprisonment following his conviction for possession with intent to distribute cocaine. The United States Court of Appeals for the Tenth Circuit affirmed that judgment, see United States v. Hall, 508 F. App'x 776, 780 (10th Cir. 2013), and the United State Supreme Court denied certiorari in June 2013.

In September 2013, Hall, who was (and still is) incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI-Loretto"), filed a pro se § 2241 petition in the United States District Court for the Western District of Pennsylvania ("the District Court"). He claimed that he was being falsely imprisoned in violation of the Constitution and other authority. This claim revolved around his allegation that the sentencing court's judgment and commitment order had not been properly executed because the "return" section of that order — where the United States Marshal or a Deputy United States Marshal attests that the defendant has been delivered to the Bureau of Prisons with a certified copy of the judgment — was not completed. Hall appeared to argue that he should be released from custody unless the warden of FCI-Loretto could show that the judgment and commitment order had, in fact, been properly executed.

The District Court referred Hall's petition to a United States Magistrate Judge, who recommended that the petition be denied. The Magistrate Judge stated:

> any lack of completion of the Return is not a clerical error

2

[that may be remedied under Federal Rule of Criminal Procedure 36] nor does it confer any right on the sentenced inmate. Hall does not contend that the [judgment and commitment order] does not accurately reflect his sentence of 120 months.

(Mag. J. Report 2.) The District Court, over Hall's objections, adopted the Magistrate Judge's recommendation and denied the petition. This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review the District Court's denial of habeas relief de novo, exercising plenary review over the court's legal conclusions and reviewing its findings of fact for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may take summary action if an appeal does not present a substantial question. See 3d Cir. I.O.P. 10.6.

Because Hall challenges the *execution* of his sentence — he is not collaterally attacking the sentencing court's imposition of the sentence — this challenge was properly brought under § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). That said, we agree with the District Court that no relief under § 2241 is warranted in this case. Hall has not cited, nor have we located, any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the "return" section of a defendant's judgment and commitment order, the

---

[1] Hall does not need to obtain a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

defendant's confinement is unlawful and he must be released.[2]

We have considered the various arguments that Hall raised in the District Court and in his "Summary Action Response," and we conclude that none warrants disturbing the District Court's denial of habeas relief.  Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.

---

[2] Hall's citing Strickland v. United States, 339 F.2d 866 (10th Cir. 1965), and Mullican v. United States, 252 F.2d 398 (5th Cir. 1958), does not bolster his claim.  Not only are those cases not binding on this Court, but they also are distinguishable from this case. Those cases concerned challenges to convictions under the Federal Escape Act, 18 U.S.C. § 751, not whether an inmate's current confinement was unlawful because the judgment and commitment order's "return" section was not completed.  See Strickland, 339 F.2d at 867; Mullican, 252 F.2d at 399-400.  Although Strickland did discuss a judgment and commitment order that had no endorsed "return" section, it did so in the context of determining whether the prosecution had met its burden of showing, under § 751, that the defendant was confined by virtue of a conviction at the time he attempted his escape.  See 339 F.2d at 867-68.