ALD-142                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2819
_____

VIRGIL HALL,
                                        Appellant

v.

WARDEN LORETTO FCI; MR. GOTTSHALL, Case Manager;
MICHAEL D. TAFELSKI, Regional Counsel
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:14-cv-00071)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2015
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: April 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

        In the District Court, Virgil Hall largely repeated a claim with which he has had

little success in the past.  Namely, he contended that he was unlawfully transferred to,

and illegally held at, the Federal Correctional Institution in Loretto, Pennsylvania ("FCI-Loretto") because the sentencing court's judgment and commitment order had not been properly executed. More specifically, he alleged that the "return" section of that order — where the United States Marshal or a Deputy United States Marshal attests that the defendant has been delivered to the Bureau of Prisons with a certified copy of the judgment — was not completed. He also added that a case manager in prison improperly modified and executed the "return" section of the order to show that the judgment and commitment order was received at FCI-Loretto. Hall further alleged that his requests for a correction of the document (a copy of which he attaches to his complaint) were ignored.

Hall introduced his complaint as an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, but he also cited 42 U.S.C. § 1983[1] in claiming violations of the Fourth, Fifth and Eighth Amendments (relating to his detention) and First Amendment (relating to his "right to judicial records/documents"). He further asserted that some of the defendants' acts and omissions were actionable under 5 U.S.C. § 552a(g)(1)(C), a provision of the Privacy Act of 1974. In addition, he listed several state law causes of action (including false imprisonment). Hall sought more than one million dollars in damages.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We understand that he sought to proceed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the federal counterpart to § 1983 claims against state actors. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004).

2

A Magistrate Judge issued a report and recommendation in which, in relation to the merits of the complaint,[2] he stated that Hall was seeking to renew an argument — that he was unlawfully confined in light of 18 U.S.C. § 3621(c)[3] — which had been rejected in earlier habeas proceedings. The Magistrate Judge further explained that Heck v. Humphrey, 512 U.S. 477 (1994), barred Hall's suit for damages.

In his objections (which he filed with an ifp motion that was granted, see supra n.2), Hall requested leave to amend his complaint. He expressed a willingness to delete his demand for money damages. He also presented an argument that Heck did not bar all claims, including, inter alia, some claims of false imprisonment and his claims of violations of the Privacy Act and the Amendments he cited. Over the objections, the District Court adopted the report and recommendation and dismissed Hall's complaint with prejudice.[4]

---

[2] The Magistrate Judge administratively closed the case pending the payment of the requisite fees or the submission of a motion to proceed in forma pauperis ("ifp"). At that time, however, the Magistrate Judge also recommended that if the matter were reopened, the complaint should be dismissed with prejudice.

[3] "When a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it."

[4] Hall had also filed a "motion to show cause," in which he essentially requested that summons issue (stating that the defendants were obliged to answer his complaint). The District Court did not discuss this motion.

Hall appeals. In support of his appeal, he repeats that he should have been permitted leave to amend and that <u>Heck</u> does not bar his Privacy Act claims.[5] He also asked that the District Court be instructed to rule on the show cause motion. Appellees (although they were not served in the District Court) move for summary action based on the District Court's reasoning and also because an FTCA claim cannot stand against the individual defendants named in the complaint (the only proper defendant is the United States).

We have jurisdiction under 28 U.S.C. § 1291. Our review of the order dismissing Hall's complaint is plenary. <u>See</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). We review the dismissal of the state law claims and the denial of leave to amend for abuse of discretion. <u>See</u> <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 311 (3d Cir. 2003); <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 223 (3d Cir. 2004). On review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; <u>see also</u> <u>Erie Telecomms., Inc. v. City of Erie</u>, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).

In large part, the District Court properly dismissed the complaint as <u>Heck</u>-barred because success on the <u>Bivens</u> and FTCA claims would necessarily imply the invalidity

---

[5] He notes that he has also presented the Privacy Act claims in a motion under 28 U.S.C. § 2255 in the district court in Utah that sentenced him; he asks that his appeal be stayed as to those claims until that court rules.

4

of the fact and the duration of his confinement, which have not been elsewhere invalidated.[6] See Lora-Pena v. FBI, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (applying Heck to Bivens-type actions); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (holding that an action under the FTCA for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in direct or collateral attack on his imprisonment, that he is entitled to release from custody). Also, as Appellees note, they were not proper defendants in the FTCA suit. See CNA v. United States, 535 F.3d 132, 135 (3d Cir. 2008).

As he asserts, Hall also presents claims under the Privacy Act relating to a modification of the "return" section of the judgment and commitment order held at FCI-Loretto. Section 552a(g)(1)(c) provides for a cause of action against an agency when that agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual." Among other infirmities

---

[6] In fact, we have rejected Hall's argument that his confinement is invalid, explaining that we could find no "authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released." Hall v. Loretto, 556 F. App'x 72, 73 (3d Cir. 2014) (per curiam).

with Hall's claim, none of the defendants is an "agency" as defined by the Privacy Act.[7] 5 U.S.C. § 552(f)(1).

While the contours of Hall's First Amendment claim are not entirely clear, his complaint that he does not have access to a judicial record can be considered, at least in part, as separate from an attack on his continued imprisonment. Nonetheless, the District Court properly dismissed the claim. Hall's other allegations and the versions of the document attached to his complaint belie his claim that he does not have access to the judgment and commitment order.

Also, to the extent that Hall presented claims under state law (beyond his reliance on them as a basis to impose liability on the defendants under the FTCA, see Molzof v. United States, 502 U.S. 301, 305 (1992)), the District Court did not abuse its discretion in

---

[7] Even assuming that this provision applies to the document at issue against the named defendants, based on Hall's allegations, it cannot be said that the record was not maintained without the accuracy, relevance, or timeliness or completeness to assure fairness, or that any failure to meet the standard resulted in a determination adverse to Hall. The commitment order was first maintained as it was received. Regardless of what Hall asserts is the import of the blank "return" section, he does not explain how the maintenance of the document in its original state violated the Privacy Act. And the change to the document that he described did not introduce an inaccuracy, insomuch as the case manager reported on the document that the judgment and commitment order had been received at FCI-Loretto. That was true. In signing the document, the case manager crossed out the language relevant to a Marshal's certification in the return section; he did not pretend to be someone he was not. In any event, no adverse consequences stemmed from the modification of the document. Nothing changed because the case manager wrote that the judgment and commitment order was received. To the extent that Hall alleged that the maintenance of the document in its original or altered state led to a decision to continue his imprisonment, he again presented a claim like those we have described as barred by Heck v. Humphrey. See supra; cf. also Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002).

declining to consider them in the absence of any federal claim. See 28 U.S.C. § 1367(c)(3).

Furthermore, it cannot be said that the District Court abused its discretion in denying Hall leave to amend his complaint. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be "freely give[n] when justice so requires." However, a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). In this case, amendment would be futile. Even if Hall could amend his complaint to name the proper defendants, the fundamental problems with his claims (described above) could not be corrected. Furthermore, although he argues to the contrary, he cannot delete his request for money damages to change the effect of Heck v. Humphrey on his claims. Cf. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Lastly, the effective denial of the motion to show cause (in which Hall essentially requested that summons issue so that defendants could answer the complaint) did not introduce reversible error. As the complaint was without merit, the District Court could

7

dismiss it before service on the defendants.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A.

      For these reasons, we will affirm the District Court's judgment.[8]

---

[8] We deny Hall's request, which he included in a document in support of his appeal, to stay this appeal pending a decision in another matter by the Utah district court.